## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

COMMUNITY ARTS ADVOCATES, INC.,
and STEPHEN H. BAIRD,

      Plaintiffs,

    v.

CITY OF BOSTON;
BOSTON POLICE DEPARTMENT;
KATHLEEN M. O'TOOLE, in her
capacity as Police Commissioner;
BOSTON PARKS AND RECREATION
DEPARTMENT; and
ANTONIA POLLACK, in her capacity
as Parks and Recreation Department
Commissioner,

      Defendants.

04 11618 NG

Civil Action No.

MAGISTRATE JUDGE Alexander

RECEIPT # _____
AMOUNT $150
SUMMONS ISSUED YES
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK _____
DATE 7/2/04

## COMPLAINT

1.  This is a civil action in which Plaintiffs Community

Arts Advocates, Inc. and Stephen H. Baird seek to defend the

rights of public performers and artists in the City of Boston.

More specifically, Plaintiffs challenge the constitutionality of

ordinances of the City of Boston, a rule of the Boston Police

Department, and the practices and policies of the City of

Boston, the Boston Police Department, and the Boston Parks and

Recreation Department, which for years and as recently as a few

days ago have unlawfully prohibited Plaintiffs and others from

playing musical instruments and performing on the public streets

and parks of the City of Boston.  These unlawful prohibitions against public artistic expression violate Plaintiffs' rights under the First and Fourteenth Amendments to the Constitution of the United States and under the Constitution of the Commonwealth of Massachusetts.

2.    Plaintiffs seek the following declaratory relief: (i) that Plaintiffs and others have the rights to play musical instruments, to perform, to display and offer works of art, and to solicit peacefully and receive consideration for these activities in the public streets, sidewalks, grounds and parks of the City of Boston (the "Artists' Rights"); and (ii) that Boston Municipal Ordinance § 16-12.24 and Boston Police Rule 75 violate the First and Fourteenth Amendments to the United States Constitution and the Constitution of the Commonwealth of Massachusetts.

**JURISDICTION AND VENUE**

3.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, the First and Fourteenth Amendments to the United States Constitution, the Constitution of the Commonwealth of Massachusetts, and Mass. Gen. Laws ch. 12 §§ 11H and 11I. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1343 and 1367.  Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (e) because the Defendants are located in the

District of Massachusetts and the causes of action arose in this
District.

## THE PLAINTIFFS

4.    Plaintiff Community Arts Advocates, Inc. ("CAA") is a
non-profit Massachusetts corporation dedicated to expanding
public awareness, participation in and support of the arts
through performances and festivals, exhibits and workshops,
publicity, educational forums, non-profit arts management
consultation services, and collaborative projects.  CAA has more
than 30 members and has a place of business in Jamaica Plain,
Massachusetts.  CAA members include musicians, singers, actors,
magicians, puppeteers, portrait artists, and caricature artists,
among others.  CAA has capacity to sue for violation of the
Constitutional rights of its members pursuant to Federal Rule of
Civil Procedure 17(b).

5.    Plaintiff Stephen H. Baird is a citizen of the United
States and a resident of Jamaica Plain, Massachusetts.  Mr.
Baird is the Executive Director of CAA, a musician and performer
with over three decades of performance experience.  Mr. Baird
has performed in the United States and internationally,
including at the Kennedy Performing Arts Center, New England
Artists Showcases, and over five hundred college campuses,
libraries, schools, parks, camps, television programs,
festivals, concerts and theaters.  Mr. Baird and his

-3-

performances have been featured in such publications as Time, Newsweek, People, The Boston Globe, The Chicago Tribune, The New York Times, and The American Bar Association Journal. Mr. Baird and his performances have been also featured in a Public Broadcasting Service documentary ("Street Singer") and a Discovery Channel documentary ("Millennium Music Series").

## THE DEFENDANTS

6.   Defendant City of Boston is a body politic and corporate entity, existing under the laws of the Commonwealth of Massachusetts and located in Suffolk County, Massachusetts. The City of Boston is incorporated and organized under Massachusetts General Laws chapters 39 and 40, and Article II of the Constitution of the Commonwealth of Massachusetts.

7.   Upon information and belief, Defendant Boston Police Department is an agent of the City of Boston, acting under the City's direction and control and under color of state law.

8.   Defendant Kathleen M. O'Toole is the Police Commissioner of the Boston Police Department.

9.   Upon information and belief, defendant Boston Parks and Recreation Department is an agent of the City of Boston, acting under the City's direction and control and under color of state law.

10.   Defendant Antonia Pollack is the Commissioner of the Boston Parks and Recreation Department.

## GENERAL ALLEGATIONS

11.   The First and Fourteenth Amendments to the United States Constitution impose significant limits on the government's ability to regulate expressive activities.   Live entertainment, including music and street performances, is constitutionally protected.   Any restrictions imposed on any such expressive activities must be content neutral, narrowly tailored to serve a significant or substantial government interest, and leave open ample alternative channels for the type of expressive activity that is being restricted.

## CURRENT LAWS AND REGULATIONS

12.   Boston Municipal Ordinances § 16-12.24 (Exhibit A) and Boston Police Rule 75 (Exhibit B) are unconstitutional in violation of the First and Fourteenth Amendments to the United States Constitution because they are not content neutral, are not narrowly tailored to serve a significant or substantial government interest, and do not leave open alternative channels for the type of expressive activities that are being restricted, and because they employ gender classifications that do not serve important governmental objectives.

13.   Boston Municipal Ordinance § 16-12.24 states that:

No person, other than musicians in a lawful parade or
procession or itinerant musicians licensed thereto by
the Police Commissioner shall, in any street, except
as a warning of danger, ring or cause to be rung any

bell, or use or cause to be used any musical or noise-making instrument.

14.    Boston Police Rule 75, enacted pursuant to authority granted in Boston Municipal Ordinance § 16-12.24, places numerous unconstitutional restrictions on Plaintiffs' free speech and equal protection rights.  For example, Section 1 of Boston Police Rule 75 states that:

> Except as hereinafter provided no person shall play on a musical instrument in a street unless licensed to do so by the police commissioner.

15.    As another example, Section 4 of Boston Police Rule 75 states that:

> The police commissioner may grant licenses to play on musical instruments in the streets to suitable persons more than twenty-one years of age whose usual or principal occupation is that of an itinerant musician.

16.    As another example, Section 6 of Boston Police Rule 75 states that:

> No licensed itinerant musician, except on a license granted under section 3, shall play on a musical instrument in any public street on Sunday; nor within five hundred feet of any school house; nor within three hundred feet of any other building after he has been notified to desist by a police officer or an occupant of such building; nor in a public street in any part of the city between 9 P.M. and 9 A.M.; nor at any time except between 6 P.M. and 9 P.M. in the territory, including the boundary streets or parts of streets, inclosed [sic] as follows: Beginning in Bay State road at the intersection of University road, thence through Bay State road, Beacon, Somerset, Howard streets, Scollay square, Sudbury, Portland, Causeway, Commercial streets, Atlantic avenue, Kneeland, Washington, Hollis, Tremont, Stuart, and Eliot streets, Park square, Columbus avenue, Dartmouth

-6-

> street, Huntington avenue, Hemenway, Boylston streets,
> Brookline, Commonwealth avenues, University road to
> point of beginning.

A map of the restricted areas of Boston is given to individuals

upon obtaining an Itinerant Musician License from the Boston

Police Department (Exhibit C).

17.  As another example, Section 8 of Boston Police Rule 75

states in part that:

> A female licensed itinerant musician shall not play on
> a musical instrument in a street unless she is
> accompanied by an adult male licensed itinerant
> musician.

18.  As another example, Section 11 of Boston Police Rule

75 states that a licensed itinerant musician:

> shall not carry and shall not display upon his instrument
> any advertisement or any special appeal for money, nor
> shall he go about with his instrument in the company of any
> person carrying such advertisement or presenting such
> appeal.

19.  Law enforcement officers typically do not state a

legal basis for their demand that artists stop exercising their

Artists' Rights.  However, artists could be charged with

violation of numerous sections of the Boston Municipal Ordinance

if they do not comply with an officer's demands.

20.  The following sections of the Boston Municipal

Ordinance may be applied in an unconstitutional manner to

deprive Plaintiffs' of their Artists' Rights:

(a)   § 7-4.4 Control of Portions of Post Office, Dock and
      Faneuil Hall Squares;

(b)   § 7-4.6 Music;

(c)   § 16-2.2 Crying of Wares;

(d)   § 16-10.2 Obstruction to Travel;

(e)   § 16-10.4 Disorderly Conduct;

(f)   § 16-10.5 Compliance with Directions;

(g)   § 16-12.2 Loitering;

(h)   § 16-12.15 Throwing or Shooting on Streets;

(i)   § 16-12.27 Abusive Language; Soliciting in Streets;

(j)   § 16-18.1 Use of Sidewalks;

(k)   § 16-19.1 Use of Public Grounds;

(l)   § 16-19.2 Public Addresses, Vending, Etc.;

(m)   § 16-19.3 Permit for Use of Park Land for
      Demonstrations;

(n)   § 16-19.4 Profanity and Other Offenses;

(o)   § 16-26.1 Unreasonable Noise; General Prohibition and
      Definitions;

(p)   § 16-26.2 Disturbing the Peace;

(q)   § 16-26.8 Prohibitions Against Loud Amplification
      Devices in Public Ways or Places;

(r)   § 16-26.10 Enforcement;

(s)   § 16-41.1 Prohibiting Aggressive Solicitations; and

(t)   § 16-41.2 Prohibited Acts.

21.  For example, Boston Municipal Ordinance § 16-10.2,
Obstruction to Travel, as written could bar artists from
exercising their constitutionally protected right to perform in
public streets and parks, states in part:

> No person shall, within any market limits, so occupy or
> obstruct any sidewalk as not to leave a clear and direct
> passage for travellers thereon…

22.  As another example, Boston Municipal Ordinance § 16-
10.4, Disorderly Conduct, as written could bar artists from
exercising their constitutionally protected right to perform in
public streets and parks, states:

> No person shall, within any market limits, play any game,
> lie down ,sleep, or behave in a noisy, disorderly, or
> riotous manner, or scuffle, or throw any missile or thing
> whatsoever.

23.  As another example, Boston Municipal Ordinance § 16-
12.2, Loitering, as written could bar artists from exercising
their constitutionally protected right to perform in public
streets and parks, states in part:

> No person shall saunter or loiter in a street in such a
> manner as to obstruct or endanger travellers or in a manner
> likely to cause a breach of the peace or incite to riot…

24.  As another example, Boston Municipal Ordinance § 16-
2.2, Crying of Wares, as written could bar artists from
exercising their constitutionally protected right to sell
compact discs or other original artwork, states in part:

No person hawking or peddling, selling, or exposing for
sale any articles, shall cry his wares to the disturbance
of the peace and comfort of the inhabitants of the City…

25.   As another example, Boston Municipal Ordinance § 16-
19.1, Use of Public Grounds, as written could bar artists from
exercising their constitutionally protected right to perform in
public parks, states in part:

No person shall, in or upon the Common, Public Garden, or
other public grounds of the City, walk, stand, or sit upon
the grass…

26.   As another example, Boston Municipal Ordinance § 16-
19.2, Public Addresses, Vending, Etc., as written could bar
artists from exercising their constitutionally protected right
to amplify their performance in public streets and parks, states
in part:

No person shall, in any of the public grounds, use any
device intended to amplify or broadcast sound using a
megaphone, loud speaker, or any other amplification device…

27.   Many active artists, including CAA members and Mr.
Baird, do not exercise their Artists' Rights due to the threat
of enforcement of Boston Municipal Ordinance § 16-12.24, Police
Rule 75 and other Boston laws or regulations.

28.   On a number of occasions over the past few years, Mr.
Baird and other CAA members have been prohibited from exercising
their Artists' Rights.

-10-

## HARASSMENT OF STREET ARTISTS

29.  As one recent example, on July 18, 2004, Stephen H. Baird was entertaining a group of passersby on the Boston Common by playing an acoustic guitar and singing a ballad.  Mr. Baird was told by a Boston Parks Department Ranger that he was not allowed to perform music in the Boston Common, even though Mr. Baird had an Itinerant Musician License from the Boston Police Department.  The Ranger, identified by his call number, 217, stated that a permit was required from the Parks Department and that Mr. Baird must move off of the path and onto the grass. The Ranger called a Mounted Ranger to the scene and repeated his demand that Mr. Baird move.

30.  As another recent example, on June 19, 2004, Stephen H. Baird was entertaining a group of passersby on the Boston Common using a First Century precursor to the piano called the hammered dulcimer.  Mr. Baird then was told by a Boston Parks Department Ranger that he was not allowed to perform music in the Boston Common, even though Mr. Baird presented his Itinerant Musician License to the Ranger.  The Ranger initially stated that a permit was required from the Parks Department but later stated that the Parks Department will not issue permits for performers.  The Ranger initially refused to identify himself but eventually provided his call number, 217.  Mr. Baird then moved from the location where he first encountered the Ranger

-11-

and managed to continue his performance at another location on
the Common.

31.   Upon information and belief, Park Rangers have no
authority to arrest, to threaten to arrest, to enforce law, or
to rely on permitting schemes or other means to restrict
Plaintiffs' rights.

32.   As another example of unconstitutional enforcement, in
or about June 2003, Larry Meyerhoff, a CAA member and musician
who performs traditional Irish music on instruments such as the
hammered dulcimer, was told by an officer of Boston Police
Department that he was not allowed to perform in Dock Square and
the area surrounding Faneuil Hall, even though Mr. Meyerhoff had
an Itinerant Musician License from the Boston Police Department
and presented the Itinerant Musician License to the officer.
Mr. Meyerhoff has since left the City of Boston to pursue his
interests in New York.

33.   As another example, in or about August 2003, Rosanna
Lee Cohen, a CAA member, singer and guitar player known by the
name Rosanna Lee, was repeatedly asked by officers of Boston
Police Department to stop her performances on Newbury Street,
even though Ms. Lee had an Itinerant Musician License from the
Boston Police Department and presented the Itinerant Musician
License when confronted by the officers.   Ms. Lee has since left
the City of Boston to pursue her career in Southern California.

34. Throughout the past 30 years, Plaintiff Stephen H. Baird and others have attempted to work out a reasonable solution with the City of Boston, Boston Police Department, Boston Parks and Recreation Department, merchants in the Downtown Crossing Area and a Boston City Councilor regarding the Artists' Rights. Despite the efforts of Mr. Baird and others, Boston Municipal Ordinance § 16-12.24, Boston Police Rule 75, and other laws remain in force in violation of the First and Fourteenth Amendments to the United States Constitution and the Constitution of the Commonwealth of Massachusetts.

## NEED FOR RELIEF

35. Despite Mr. Baird's efforts, the City of Boston has taken no action to rescind or revise Boston Municipal Ordinance § 16-12.24.

36. Although Boston Police Department has tentatively agreed to rescind Police Rule 75, see Letter from Harris to Cotter of June 29, 2004 (Exhibit D), and a Police Department representative reported that the Rule has been rescinded, Plaintiffs have yet to receive written indication that Police Rule 75 has been rescinded, that a revised Rule has been approved, or that the revised Rule adequately protects the constitutional rights of Plaintiffs and other performers and artists.

-13-

37.   Merely rescinding or revising Police Rule 75 will not adequately protect the constitutional rights of Plaintiffs and other performers and artists.  The parks and public spaces of the City of Boston are patrolled not only by Boston Police Department, but also by the Boston Parks Department, the Massachusetts State Police, and the Boston Municipal Police.  To be adequate, any resolution must reach all law enforcement personnel including those outside the jurisdiction of Boston Police Department and its Police Rules.

38.   Unless Boston Municipal Ordinance § 16-12.24 and Boston Police Rule 75 are declared unconstitutional and an adequate solution is implemented, and unless the Defendants cease their unconstitutional enforcement actions, Plaintiffs will continue to be deprived of their constitutional rights.

## COUNT I

## Violation of Constitutional Rights

39.   The Plaintiffs repeat and reallege the allegations of paragraphs 1 through 37 above, as though fully set forth in this Count.

40.   Boston Municipal Ordinance § 16-12.24 and Boston Police Rule 75 are unconstitutional in violation the Plaintiffs' free speech and equal protection rights under the First and Fourteenth Amendments to the Constitution of the United States and under the Constitution of the Commonwealth of Massachusetts.

-14-

41.   The restrictions imposed by Boston Municipal Ordinance
§ 16-12.24 and Boston Police Rule 75 are not content neutral.

42.   The restrictions imposed by Boston Municipal Ordinance
§ 16-12.24 and Boston Police Rule 75 are not narrowly tailored
to serve a significant or substantial government interest.

43.   The restrictions imposed by Boston Municipal Ordinance
§ 16-12.24 and Boston Police Rule 75 do not leave open ample
alternative channels for the type of expressive activity that is
being restricted.

44.   The restrictions imposed by Boston Municipal Ordinance
§ 16-12.24 and Boston Police Rule 75 employ gender
classifications that do not serve important governmental
objectives.

45.   Plaintiffs have suffered and will continue to suffer
harm as a result of the unconstitutional restrictions of Boston
Municipal Ordinance § 16-12.24 and Boston Police Rule 75 and the
unconstitutional actions of the Boston Police Department, the
Boston Parks and Recreation Department, and the Boston Municipal
Police as described in part in this Complaint.

### RELIEF REQUESTED

WHEREFORE, Plaintiffs request that this Court:

1.   Enter a declaratory judgment that (i) Plaintiffs and
others have the rights to play musical instruments, to perform,
to display and offer works of art, and to solicit peacefully and

receive consideration for these activities in the public
streets, sidewalks, grounds and parks of the City of Boston; and
(ii) Boston Municipal Ordinance § 16-12.24 and Boston Police
Rule 75 violate the First and Fourteenth Amendments to the
Constitution of the United States and the Constitution of the
Commonwealth of Massachusetts.

2.    Enjoin Defendants on a preliminary and permanent basis
from violating Plaintiffs' and others' rights to play musical
instruments, to perform, to display and offer works of art, and
to solicit peacefully and receive consideration for these
activities in the public streets, sidewalks, grounds and parks
of the City of Boston.

3.    Award Plaintiffs costs and attorneys' fees pursuant to
42 U.S.C. § 1988, Mass. Gen. Laws ch. 12 §§ 11H and 11I, and any
other applicable authority.

4.    Grant Plaintiffs such further relief as the Court deems
just and proper.

Dated:  Boston, Massachusetts          Respectfully submitted,
        July 20, 2004

                                       COMMUNITY ARTS ADVOCATES, INC.
                                       and STEPHEN H. BAIRD,

                                       By their attorneys,


                                       _____
                                       John J. Cotter (BBO# 554524)
                                       Thomas A. Turano (BBO# 552168)
                                       Jason A. Duva (BBO# 640156)
                                       Karen A. Schouten (BBO# 658141)
                                       TESTA, HURWITZ & THIBEAULT, LLP
                                       125 High Street
                                       Boston, Massachusetts 02110
                                       Tel: (617) 248-7000
                                       Fax: (617) 248-7100

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only)   Community Arts Advocates, Inc.
    _____ v. City of Boston

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

    [ ]  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    [X]  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

    [ ]  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

    [ ]  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

    [ ]  V.    150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    _____

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                    YES [ ]    NO [X]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

                                                    YES [ ]    NO [X]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                    YES [ ]    NO [ ]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                    YES [ ]    NO [X]

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                    YES [X]    NO [ ]

    A.  If yes, in which division do all of the non-governmental parties reside?

        Eastern Division [X]    Central Division [ ]    Western Division [ ]

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                                    YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME   John J. Cotter

ADDRESS   125 High Street, Boston, MA  02110

TELEPHONE NO.   (617) 248-7000

(Coversheetlocal.wpd - 10/17/02)

⊛JS-44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Community Arts Advocates, Inc.
Baird, Stephen H.

**DEFENDANTS**
City of Boston
Boston Police Department
O'Toole, Kathleen M., Police Commissioner

**(b)** County of Residence of First Listed Plaintiff    Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED
(See Attachment)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Testa, Hurwitz & Thibeault, LLP
125 High Street, Boston, MA 02110
(617) 248-7000

Attorneys (If Known)
Merita A. Hopkins, Esq. - City of Boston
Mary Jo Harris, Esq. - Boston Police Dept.

**II. BASIS OF JURISDICTION**  (Place an "X" in One Box Only)

☐ 1  U.S. Government
      Plaintiff

☒ 3  Federal Question
      (U.S. Government Not a Party)

☐ 2  U.S. Government
      Defendant

☐ 4  Diversity
      (Indicate Citizenship of Parties
      in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                              and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT**    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>  & Enforcement of Judgement<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>  Student Loans<br>  (Excl. Vetrans)<br>☐ 153 Recovery of Overpayment<br>  of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>  Liability<br>☐ 320 Assault, Libel &<br>  Slander<br>☐ 330 Federal Employers'<br>  Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>  Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>  Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury —<br>  Med. Malpractice<br>☐ 365 Personal Injury —<br>  Product Liability<br>☐ 368 Asbestos Personal<br>  Injury Product<br>  Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>  Property Damage<br>☐ 385 Property Damage<br>  Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure<br>  of Propety 21 USC<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational<br>  Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>  28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>  Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/<br>  Exchange<br>☐ 875 Customer Challenge<br>  12 USC 3410 |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>  Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights | ☐ 510 Motions to Vacate<br>  Sentence<br>  Habeas Corpus:<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards<br>  Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting<br>  & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc.<br>  Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>  or Defendant)<br>☐ 871 IRS —Third Party<br>  26 USC 7609 | ☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of<br>  Information Act<br>☐ 900 Appeal of Fee<br>  Determination Under Equal Access to<br>  Justice<br>☐ 950 Constitutionality of<br>  State Statutes<br>☐ 890 Other Statutory Actions |

**V. ORIGIN**    (PLACE AN "X" IN ONE BOX ONLY)

☒ 1  Original
      Proceeding

☐ 2  Removed from
      State Court

☐ 3  Remanded from
      Appellate Court

☐ 4  Reinstated or
      Reopened

☐ 5  Transferred from
      another district
      (specify)

☐ 6  Multidistrict
      Litigation

☐ 7  Appeal to
      District
      Judge from
      Magistrate
      Judgment

**VI. CAUSE OF ACTION**  (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. §§ 1983 and 1988.  City of Boston ordinance and Boston Police Dept. rul
violate Plaintiffs' rights under the First and
Fourteenth Amendments to the Constitution of the United States.

**VII. REQUESTED IN
COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION
  UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☒ No

**VIII. RELATED CASE(S)
IF ANY**
(See
instructions):

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____