UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11618 NG

COMMUNITY ARTS ADVOCATES INC., ET AL.,
    <u>Plaintiffs</u>,

v.

CITY OF BOSTON, ET AL.,
    <u>Defendants</u>.

**<u>DEFENDANTS COMMISSIONER O'TOOLE, THE BOSTON POLICE DEPARTMENT, COMMISSIONER POLLACK, AND THE BOSTON PARKS AND RECREATION DEPARTMENT'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)</u>**

**I.    <u>FACTUAL BACKGROUND AND STATEMENT OF THE CASE</u>**

Plaintiffs Community Arts Advocates and Stephen H. Baird ("the plaintiffs") have brought a civil action against the City of Boston, the Boston Police Department, Kathleen M. O'Toole, in her official capacity as Police Commissioner, the Boston Parks and Recreation Department, and Antonia Pollack, in her capacity as Parks and Recreation Department Commissioner. The plaintiffs' seek to challenge the constitutionality of ordinances of the City of Boston, a rule of the Boston Police Department, and the practices and policies of the City of Boston, the Boston Police Department, and the Boston Parks and

1

Recreation Department.  Commissioners O'Toole and Pollack are named in their official capacities only.

## II. **ARGUMENT**

### A. **Standard**

The applicable standard for granting a motion to dismiss is whether the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); McLain v. Real Estate Board of New Orleans, Inc., 444 U.S. 232, 246 (1980); Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998); Williams v. Astra USA, Inc., 68 F. Supp. 2d 29 (D. Mass. 1999).  In considering a motion to dismiss, the Court is obliged to accept the plaintiff's well-pleaded facts as they appear, granting every reasonable inference in the plaintiff's favor.  Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999).  This indulgence, however, does not require the Court to credit "bald assertions, unsubstantiated conclusions or outright vituperation." Correa-Martinez v. Arrillaya-Belendez, 903 F.2d 49, 52 (1st Cir. 1990).

**B.  The Plaintiffs' Claims Against Commissioners O'Toole and Pollack, In Their Official Capacity, Should Be Dismissed.**

The plaintiffs' complaint names Commissioners O'Toole and Pollack in their official capacities only. Accordingly, these claims should be dismissed, as the U.S. Supreme Court has held that a lawsuit filed against public officials in their official capacity is only another way of pleading an action against the public entity that the official represents.  See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 690 n.55 (1978).  Furthermore, the Court has held that suits against state officials in their official capacity should be treated as suits against the state.  Kentucky v. Graham, 473 U.S. 159, 166 (1985) (official-capacity suits represent only another way of pleading an action against an entity); Brandon v. Holt, 469 U.S. 464, 471 (1985) (official-capacity suit is . . . to be treated as a suit against entity); Stratton v. City of Boston, 731 F. Supp. 42, 46 (D. Mass. 1989) (suit against a public official in his or her official capacity actually a suit against entity her or she represents).  Thus, naming Commissioners O'Toole and Pollack in their official capacities is unnecessary as the claim is actually against the entity they represent, the City of Boston.  See generally Hafer v. Melo, 502 U.S. 21, 25 (1991).  As the

3

plaintiffs have already named the City as a defendant in their complaint, naming the department commissioners is unnecessary, duplicative, and confusing. Accordingly, Commissioners O'Toole and Pollack should be dismissed as a matter of law.

### C. The Boston Police Department and the Boston Parks and Recreation Department should be dismissed as they not "body politics" subject to lawsuits.

Plaintiffs' complaint duplicatively names both the Boston Police Department and the Boston Parks and Recreation Department as defendants. However, they are not body politics subject to lawsuits, but rather departments within the City. Accordingly, these departments are not suable entities. See Henschel v. Worcester Police Department, 445 F. 2d 624 (1st Cir. 1971). This Honorable Court has held that the Boston Police Department is not an independent legal entity but a department within the City. See Stratton, 731 F. Supp. At 46. In Henschel, the First Circuit explained that if a city department may be successfully sued, it is the city that will pay; the result is the same as suing the city. Henschel at 624. Moreover, the Court should not allow the Boston Police Department, the Boston Parks and Recreation Department and the City to remain as defendants in this action to avoid confusion.

**III. CONCLUSION**

Wherefore:  Commissioner O'Toole, the Boston Police Department, Commissioner Pollack, and the Boston Parks and Recreation Department move this Honorable Court to grant their motion to dismiss the plaintiffs' complaint for failure to state a claim upon which relief may be granted, as to all counts and causes of action against them, with prejudice and costs.

**DEFENDANTS REQUEST AN ORAL ARGUMENT FOR THIS MOTION.**

Respectfully submitted,
DEFENDANTS, KATHLEEN M. O'TOOLE, in her capacity as Police Commissioner, THE BOSTON POLICE DEPARTMENT, ANTONIA POLLACK, in her official capacity as Parks and Recreation Department Commissioner, and THE BOSTON PARKS AND RECREATION DEPARTMENT,

Merita A. Hopkins
Corporation Counsel
By its attorneys:

/s/ Thomas R. Donohue
Thomas R. Donohue, BBO# 643483
Wendy Plotkin, BBO# 647716
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4039 – Donohue
(617) 635-2902 - Plotkin