UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11618 NG

COMMUNITY ARTS
ADVOCATES INC., ET AL.,
       Plaintiffs,

v.

CITY OF BOSTON, ET AL.,
       Defendant.

## DEFENDANT CITY OF BOSTON'S ANSWER

Now comes Defendant City of Boston and answer Plaintiffs' Complaint as follows:

1.            Defendant considers Paragraph One of the Plaintiff's Complaint as
introductory only and not requiring a response; to the extent that Paragraph One
alleges facts, defendant denies such allegations.

2.            Defendant considers Paragraph Two of the Plaintiff's Complaint as
introductory only and not requiring a response; to the extent that Paragraph Two
alleges facts, defendant denies such allegations.

## JURISDICTION AND VENUE

3.            Defendant considers Paragraph Three a conclusion of law to which no
response is required; to the extent Paragraph Three alleges facts, Defendant denies
such allegations.

## THE PLAINTIFFS

4.            Defendant is without knowledge or information sufficient to form a
belief as to the allegations contained in Paragraph Four of the Complaint.

5.          Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph Five of the Complaint.

## THE DEFENDANT

6.          Defendant admits the first sentence of Paragraph Six; as to the second sentence, defendant City of Boston was incorporated by the Acts of 1821, c.110.

7.          Defendant admits the allegations set forth in Paragraph Seven.

8.          Defendant admits the allegations set forth in Paragraph Eight.

9.          Defendant admit the allegations set forth in Paragraph Nine.

10.         Defendant admits the allegations set forth in Paragraph Ten.

## GENERAL ALLEGATIONS

11.         Defendant considers Paragraph Eleven a conclusion of law to which no response is required; to the extent Paragraph Eleven alleges facts, Defendant denies such allegations.

## CURRENT LAWS AND REGULATIONS

12.         Defendant considers Paragraph Twelve a conclusion of law to which no response is required; to the extent Paragraph Twelve alleges facts, Defendant denies such allegations.

13.         Defendant considers Paragraph Thirteen a conclusion of law to which no response is required.

14.         Defendant considers Paragraph Fourteen a conclusion of law to which no response is required; to the extent Paragraph Fourteen alleges facts, Defendant denies such allegations.

15.      Defendant considers Paragraph Fifteen a conclusion of law to which no response is required; to the extent Paragraph Fifteen alleges facts, Defendant denies such allegations.

16.      Defendant considers Paragraph Sixteen a conclusion of law to which no response is required; to the extent Paragraph Sixteen alleges facts, Defendant denies such allegations.

17.      Defendant considers Paragraph Seventeen a conclusion of law to which no response is required; to the extent Paragraph Seventeen alleges facts, Defendant denies such allegations.

18.      Defendants consider Paragraph Eighteen a conclusion of law to which no response is required; to the extent Paragraph Eighteen alleges facts, Defendant denies such allegations.

19.      Defendant denies the first sentence of Paragraph Nineteen; as to the second sentence, Defendant considers it to be a conclusion of law to which no response is required.

20.      Defendant denies the allegations set forth in Paragraph Twenty (a-t).

21.      Defendant denies the allegations set forth in Paragraph Twenty-One.

22.      Defendant denies the allegations set forth in Paragraph Twenty-Two.

23.      Defendant denies the allegations set forth in Paragraph Twenty-Three.

24.      Defendant denies the allegations set forth in Paragraph Twenty-Four.

25.      Defendant denies the allegations set forth in Paragraph Twenty-Five.

26.      Defendant denies the allegations set forth in Paragraph Twenty-Six.

27.      Defendant denies the allegations set forth in Paragraph Twenty-Seven.

28.      Defendant denies the allegations set forth in Paragraph Twenty-Eight.

**HARASSMENT OF STREET ARTISTS**

29.            Defendant is without knowledge or information sufficient to form a
belief as to the allegations contained in Paragraph Twenty-Nine of the Complaint.

30.            Defendant is without knowledge or information sufficient to form a
belief as to the allegations contained in Paragraph Thirty of the Complaint.

31.            Defendant denies the allegations set forth in Paragraph Thirty-One.

32.            Defendant is without knowledge or information sufficient to form a
belief as to the allegations contained in Paragraph Thirty-Two of the Complaint.

33.            Defendant is without knowledge or information sufficient to form a
belief as to the allegations contained in Paragraph Thirty-Three of the Complaint.

34.            Defendant denies the allegations set forth in Paragraph Thirty-Four.

**NEED FOR RELIEF**

35.            Defendant denies the allegations set forth in Paragraph Thirty-Five.

36.            Defendant states that Exhibit D speaks for itself.

37.            Defendant denies the allegations set forth in Paragraph Thirty-Seven.

38.            Defendant denies the allegations set forth in Paragraph Thirty-Eight.

**COUNT I**

**Violation of Constitutional Rights**

39.            Defendant realleges and incorporates herein its  Answers to
Paragraphs One through Thirty-Eight of the Complaint as though fully set forth
herein.

40.            Defendant denies the allegations set forth in Paragraph Forty.

41.            Defendant denies the allegations set forth in Paragraph Forty-One.

42.            Defendant denies the allegations set forth in Paragraph Forty-Two.

43.            Defendant denies the allegations set forth in Paragraph Forty-Three.

44.            Defendant denies the allegations set forth in Paragraph Forty-Four.

45.            Defendant denies the allegations set forth in Paragraph Forty-Five.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant states that the injury or damage alleged in plaintiff's complaint was neither caused nor proximately caused by defendant.

### Second Affirmative Defense

Defendant states that the injuries and damages alleged were caused by a person or entity over which defendant has no responsibility or control.

### Third Affirmative Defense

Defendant states that the injuries and damages alleged were caused by plaintiffs' own intentional conduct and not the conduct of defendant.

### Fourth Affirmative Defense

Defendant states that plaintiffs' complaint fails to state a claim upon which relief may be granted.

### Fifth Affirmative Defense

Defendant states that it is not subject to the Massachusetts Civil Rights Act and cannot be held liable under the MCRA as it is not a "person" for purposes of the Act. Howcroft v. City of Peabody, 51 Mass. App. Ct. 573, 592 (2001)

### Sixth Affirmative Defense

Defendant states that plaintiff has failed to allege any rights secured by the United States, or the Commonwealth of Massachusetts, have been interfered with by means of "threats, intimidation or coercion," as mandated by M.G.L. c. 12, §11H.

### Seventh Affirmative Defense

Defendant states that plaintiff has not been deprived of any rights secured by either the Constitution or the laws of the United States or Commonwealth of Massachusetts.

### Eighth Affirmative Defense

Defendant states that at all times relevant hereto, it acted in accordance with all relevant laws of the United States and the Commonwealth of Massachusetts.

### Ninth Affirmative Defense

Plaintiff's complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. §1983, because it fails to show any factual connection between any alleged, unconstitutional custom, policy or practice of the City and the violation of plaintiff's constitutional rights.

### Tenth Affirmative Defense

The City at all times acted in good faith and upon the reasonable belief that these actions were required and in compliance with all relevant laws and circumstances.

### Eleventh Affirmative Defense

The City's acts and conduct were performed according to, and protected by, law and/or legal process and therefore, the Plaintiffs cannot recover.

### Twelfth Affirmative Defense

The City was justified in its acts or conduct and therefore the Plaintiffs cannot recover.

Respectfully submitted,
DEFENDANT CITY OF BOSTON
By its attorneys
Merita A. Hopkins
Corporation Counsel


/s/ Wendy S. Plotkin

_____

Thomas Donohue, BBO #643483
Wendy S. Plotkin, BBO #647716
Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4039