# EXHIBIT A



**Police Commissioner's Special Order**

| | |
|---|---|
| Number: | SO 04-038 |
| Date: | September 30, 2004 |
| Post/Mention: | Indefinite |

**SUBJECT:   RULE 403, ITINERANT MUSICIANS**

Effective immediately, the attached Rule, **Rule 403, Itinerant Musicians**, is hereby established and issued, superseding all previously issued rules, orders, and other directives on this subject.

Commanding Officers shall ensure that this order and the attached Rule are posted on Department bulletin boards until **Rule 403**, has been issued to each member of the Department.

*Kathleen M. O'Toole*

Kathleen M. O'Toole
Police Commissioner

**BOSTON POLICE DEPARTMENT**                    **RULES & PROCEDURES**
                                                **RULE 403**
                                                **September 30, 2004**

## REGULATIONS REGARDING ITINERANT MUSICIANS

**Sec. 1  GENERAL CONSIDERATIONS:**  This rule establishes Boston Police Department regulations for the licensing of itinerant musicians.  Its provisions are effective immediately, replacing Rule 75 of the 1950 Boston Police Department manual, and superseding all previously issued bulletins, orders and regulations concerning itinerant musicians.

**Sec. 2  GENERAL REQUIREMENTS:**  The Police Commissioner may grant licenses to play musical instruments on the streets, pursuant to law.  It shall be lawful for licensed itinerant musicians to play music during reasonable hours in all parts of the City, except in those parts designated as the business section or restricted territories as defined in section 4 and 5 of this rule, wherein the conditions and restrictions provided in section 4 and 5 shall apply,  provided that they do so in conformity with the laws of the Commonwealth and the Ordinances and regulations of the City.

A person desiring a license as an itinerant musician shall file an application at the Licensing Unit at Boston Police Headquarters including his/her name, address and such other information as may be required. All licensed itinerant musicians are required to notify the Boston Police Department in writing of any change of address or phone number.  Applications for new licenses should be filed at least thirty days before the expiration of such licenses.  All individual itinerant musicians' licenses shall expire annually on the 1st day of September.

Licensed itinerant musicians shall have his/her license with him/her at all times while performing and shall exhibit the same at the request of any police officer.

Parades or demonstrations that have been lawfully authorized by the City Transportation Department, and the musicians forming parts of such parades or demonstrations, are not required to be licensed individually by the Police Commissioner.

**Sec. 3  FEES:**  The Licensing Unit shall assess processing fees for the licensing of itinerant musicians, as follows:

Individual . . . . . . . $   60.00 Renewal September 1
Sound truck . . . . . . $   10.00 for specified period

**Sec. 4 SOUND TRUCKS:** The police commissioner may grant a license to operate a sound truck in the streets at specified times and places. The name of the operator or the person who is to be in charge of the sound truck and the proposed time and place shall be given in the application. A license, when granted and in use, shall be held ready by the operator or person in charge for inspection by any police officer. It is further ordered that when a police officer notifies the operator or person in charge of a sound truck of a violation of any statute, ordinance or lawful regulation, they shall at once cease to play and shall not again play unless notified by the same police officer that the violations have been discontinued.

**Sec. 5 TIME RESTRICTIONS:** No licensed itinerant musician shall play on a musical instrument, and no person can operate a sound truck, on any public street in any part of the city between 9 p.m. and 9 a.m. on Monday through Saturday, nor on Sunday within two hundred feet of a place of worship where services are being held, nor within five hundred feet of an educational building when classes are being held.

**Sec. 6 CONDUCT:** Licensed itinerant musicians are forbidden from ringing doorbells, knock on doors, or enter stores or buildings for the purpose of soliciting money. A licensed itinerant musician shall not permit a musical instrument owned or controlled by him to be used in a street or to be taken into a street for use in violation of any of the provisions of this rule, laws of the Commonwealth, or ordinances or regulations of the City. He shall not carry and shall not display any advertisement or special appeal for money, unless licensed to do so pursuant to Boston Police Department Rule 401 (Hawkers and Peddlers).

**Sec. 7 SUSPENSION, REVOCATION, PENALTY:** Violations of this rule may result in the suspension, revocation, or non-renewal of the license. Written notice of alleged violations shall be provided and a hearing shall be conducted by the police commissioner's designee. All decisions by the police commissioner regarding a suspension or revocation of an itinerant musician license will issue within 30 days and shall be final.

Any applicant or license holder aggrieved by a denial, revocation or suspension of itinerant musician's license may file a petition to obtain judicial review pursuant to G.L. c. 30A. A justice of such court, after a hearing, may direct that a license be issued or reinstated to the petitioner if such justice finds that there was no reasonable ground for denying, suspending, or revoking such license.

Any person violating any of the provisions of this section shall be liable to a fine not exceeding twenty dollars for each offense. Repeated violations may result in the denial of license renewal. (C. 40, s. 102, Rev. Ords. of 1947)

*Kathleen M. O'Toole*

Kathleen M. O'Toole
Police Commissioner

# EXHIBIT B

### 16-12.15   Throwing or Shooting on Streets.

No person shall, in any street, play ball, throw stones, snow balls, or other missiles, or shoot with or use a bow and arrow or sling.
(CBC 1975 Ord. T14 § 299)  Penalty, see subsection 16-23.6

### 16-12.16   Removal of Snow and Ice.

No owner or tenant of an estate abutting on a sidewalk shall place or suffer to remain for more than three (3) hours between sunrise and sunset, any snow upon such sidewalk, or any ice upon such sidewalk unless such ice is made even and covered with sand or sawdust or other appropriate material to prevent slipping; nor shall any person remove any ice or snow from privately owned property and place it upon any sidewalk or roadway of any street.
(CBC 1975 Ord. T14 § 300; Ord. 1991 c. 5 § 30; Ord. 1994 c. 2 § 1)  Penalty, see subsection 16-32.1, 16-32.6

### 16-12.17   Reserved.

(CBC 1975 Ord. T14 § 301; Ord. 1985 c. 9 § 1; Recodified in Chapter XXIII by Ord. 1991 c. 5 § 28) Penalty, see subsection 16-32.1, 16-32.6

### 16-12.18   Reserved.

(CBC 1975 Ord. T14 § 302; Ord. 1985 c. 9 § 2; Recodified in Chapter XXIII by Ord. 1991 c. 5 § 28) Penalty, see subsection 16-32.1, 16-32.6

### 16-12.19   Cutting of Grass.

No person in control of any estate abutting on a sidewalk shall knowingly suffer to remain uncut any overgrowth of grass planted therein by the City.
(CBC 1975 Ord. T14 § 303)  Penalty, see subsection 16-32.1, 16-32.6

### 16-12.20   Reserved.

(CBC 1975 Ord. T14 § 304; Repealed by Ord. 1991 c. 5 § 31)  Penalty, see subsection 16-32.6

### 16-12.21   Reserved.

(CBC 1975 Ord. T14 § 305; Repealed by Ord. 1991 c. 5 § 32)  Penalty, see subsection 16-32.6

### 16-12.22   Reserved.

(CBC 1975 Ord. T14 § 306; Repealed by Ord. 1991 c. 5 § 33)  Penalty, see subsection 16-32.6

### 16-12.23   Reserved.

(CBC 1975 Ord. T14 § 307; Repealed by Ord. 1991 c. 5 § 34)  Penalty, see subsection 16-32.6

### 16-12.24   Bells and Noise-Making Instruments.

No person, other than musicians in a lawful parade or procession or itinerant musicians licensed thereto by the Police Commissioner shall, in any street, except as a warning of danger, ring or cause to be rung any bell, or use or cause to be used any musical or noise-making instrument.
(CBC 1975 Ord. T14 § 308)

### 16-12.25   Unlawful Games.

No person shall expose in any street any table or device of any kind intended for playing a game of hazard or chance; and no person shall play any such game or any other unlawful game in any street.
(CBC 1975 Ord. T14 § 309)

### 16-12.26   Protection of Trees, Lamp-Post and Hydrants.

No person shall climb, or tie a horse or other animal to, a tree, lamp-post, or hydrant in any street; or attach a wire to a tree belonging to the City or in a street, except by bending wire around a part of the tree over blocks painted substantially the color of the tree and so placed as to protect the tree from injury.
(CBC 1975 Ord. T14 § 310)

### 16-12.27   Abusive Language; Soliciting in Streets.

No person shall, in any street or other public place, accost or address another person with profane or obscene language; nor shall any person in a street solicit another person to engage in an unlawful sexual act.
(CBC 1975 Ord. T14 § 311)  Penalty, see subsection 16-32.1

# EXHIBIT C

to remain posted up or affixed in any manner to a post, pole, fence, tree, wall, building or other structure in the City, beyond thirty (30) days after the election in which he was a candidate, without having previously obtained the written consent of the person having possession of such post, pole, fence, tree, wall, building or other structure.
(CBC 1975 Ord. T14 § 349) Penalty, see subsection 16-32.6

### 16-23.3    Posting in Public Places.

No person shall, without the consent of the Mayor, post up, or affix in any manner, or paint, print, or write, or cause to be painted, printed, or written, a notice, advertisement, or bill, upon a curbstone, sidewalk, tree, telegraph-pole, lamp-post or hydrant, in a street or public place, or upon a walk, fence, or building belonging to the City.
(CBC 1975 Ord. T14 § 350) Penalty, see subsection 16-32.6

### 16-23.4    Reserved.

(CBC 1975 Ord. T14 § 351; Recodified by Ord. 1991 c.5 § 41) Penalty, see subsection 16-32.6

## 16-24    JUNK AND SECOND-HAND ARTICLES.

### 16-24.1    Business Hours.

No person keeping a shop for the purchase, sale, or barter of junk, old metals, or second-hand articles shall purchase any of the aforesaid articles or have his shop open for the transaction of business, except between sunrise and 9:00 p.m. of any week day except Saturday, on which day such shop may be kept open, and such articles purchased, from sunrise until 10:00 p.m.; and no such person or junk collector shall directly or indirectly either purchase or receive by way of barter or exchange any junk, old metals, or second-hand articles from a minor or apprentice, knowing or having reason to believe him to be such.
(CBC 1975 Ord. T14 § 352)

## 16-25    OBSCENE AND PORNOGRAPHIC MATERIAL.

### 16-25.1    Fine for Selling.

Whoever sells, or distributes, or imports, or loans, or possesses with the intent to sell, or exhibits, prints, or publishes for the purpose of selling or distributing a book, pamphlet, ballad, printed paper, phonographic record, print, picture, figure, image, or description which depicts or describes:

a.    Patently offensive representations or descriptions of ultimate sexual acts, normal or perverted, actual or simulated, or

b.    Patently offensive representations or descriptions of masturbation, excretory functions, lewd exhibition of the genitals, shall be subject to a fine of fifty ($50.00) dollars for each day on which such violation occurs or during which such violation continues.

[This ordinance was passed in 1973, under the guidelines established in **Miller v. California**, 441 U.S. 925, 37 L. Ed 2d 419, (June 21, 1973).]
(CBC 1975 Ord. T14 § 353)

## 16-26    UNREASONABLE NOISE.

### 16-26.1    General Prohibition and Definitions.

No person shall make or cause to be made any unreasonable or excessive noise in the City, by whatever means or from whatever means or from whatever source.

As used herein, the following terms shall have the following meanings:

a.    *dBa* shall mean A-weighted sound level in decibels, as measured by a general purpose sound level meter complying with the provisions of the American National Standards Institute, "Specifications for Sound Level Meters (ANSI S1.4 1971)", properly calibrated, and operated on the "A" weighting network.

b. *Loud amplification device or similar equipment* shall mean a radio, television, phonograph, stereo, record player, tape player, cassette player, compact disc player, loud speaker, or sound amplifier which is operated in such a manner that it creates unreasonable or excessive noise.

c. *Unreasonable or excessive noise* shall mean

1. Noise measured in excess of 50 dBa between the hours of 11:00 p.m. and 7:00 a.m., or in excess of 70 dBa at all other hours; or

2. In the absence of an applicable noise level standard or regulation of the Air Pollution Control Commission, any noise plainly audible at a distance of three hundred (300') feet or, in the case of loud amplification devices or similar equipment, noise plainly audible at a distance of one hundred (100') feet from its source by a person of normal hearing.
(Ord. 714 § 354; Ord. 1991 c. 4 § 1) Penalty, see subsection 16-32.6

### 16-26.2 Unreasonable Noise-Making Automobile Safety Devices.

The use, maintenance, installation or keeping of any device whose purpose it is to protect an owner's vehicle from damage and/or theft through the mechanical creation of a noise of sufficient magnitude to be plainly audible at a distance of two hundred (200') feet from such device which does not automatically terminate any such noise within five (5) minutes shall be unlawful. Penalty for violation of this section shall be a fine of fifty ($50.00) dollars. This section shall be deemed a part of the Environment Protection Ordinances, so called, and shall be enforced pursuant to the provisions of Chapter 40, Section 21D of the General Laws.
(Ord. 1984 c. 4; [354a]) Penalty, see subsection 16-32.6

### 16-26.3 Unreasonable Noise From Automobile Safety Devices.

The use of any device whose purpose it is to protect an owner's vehicle from damage and/or theft through the mechanical creation of a noise of sufficient magnitude to be plainly audible at a distance of two hundred (200') feet from such device which

does not automatically terminate any such noise within five (5) minutes shall be declared an unlawful use of a noise making instrument. The penalty for violation of this ordinance shall be fifty ($50.00) dollars and shall be in compliance with the provisions of Chapter 40, Section 21D of the General Laws. This section shall be deemed a part of the Environment Protection Ordinances, so called.
(Ord. 1984 c. 5 § 1 [354b]) Penalty, see subsection 16-32.6

### 16-26.4 Regulation of Construction Hours.

No erection, demolition, alteration, or repair of any building and excavation in regard thereto, except between the hours of 7:00 a.m. and 6:00 p.m., on weekdays or except in the interest of public safety or welfare, upon the issuance of and pursuant to a permit from the Commissioner, Inspectional Services Department, which permit may be renewed for one or more periods of not exceeding one week each.
(Ord. 1984 c.10 § 1 [354c]; Ord. 1991 c. 5 § 38) Penalty, see subsection 16-32.6
*Editor's Note:*
   *The Building Department and the Housing Inspection Department were abolished and all powers and duties transferred to the Inspectional Services Department by Ch. 19 of the Ordinances of 1981 (Section 9.9 of this Code).*

### 16-26.5 Noise Levels at Residential Lot Lines.

It shall be unlawful for any person except in emergencies by Public Utility Companies to operate any construction device(s), including but not limited to impact devices, on any construction site if the operation of such device(s) emits noise, measured at the lot line of a residential lot in excess of 50 dBa between the hours of 6:00 p.m. and 7:00 a.m.
(Ord. 1985 c. 3 § 1 [354d] ) Penalty, see subsection 16-32.6

### 16-26.6 Disturbing the Peace.

It shall be unlawful for any person or persons in a residential area within the City of Boston to disturb the peace by causing or allowing to be made any unreasonable or excessive noise, including but not limited to such noise resulting from the operation of

any radio, phonograph or sound related producing device or instrument, or from the playing of any band or orchestra, or from the use of any device to amplify the aforesaid noise, or from the making of excessive outcries, exclamations, or loud singing or any other excessive noise by a person or group of persons, or from the use of any device to amplify such noise provided, however, that any performance, concert, establishment, band, group or person who has received and maintains a valid license or permit from any department, board or commission of the City of Boston authorized to issue such license or permit shall be exempt from the provisions of this section. Unreasonable or excessive noise shall be defined as noise measured in excess of 50 dBa between the hours of 11:00 p.m. and 7:00 a.m. or in excess of 70 dBa at all other hours when measured not closer than the lot line of a residential lot or from the nearest affected dwelling unit. The term dBa shall mean the A-weighted sound level in decibels, as measured by a general purpose sound level meter complying with the provisions of the American National Standards Institute, "Specifications for Sound Level Meters (ANSI S1.4 1971)", properly calibrated, and operated on the "A" weighting network.

Any person aggrieved by such disturbance of the peace may complain to the police about such unreasonable or excessive noise. The police, in response to each complaint, shall verify by use of the sound level meter described herein that the noise complained of does exceed the limit described herein and if so, may thereupon arrest and/or make application in the appropriate court for issuance of a criminal complaint for violation of M.G.L. c. 272, S. 53, which sets forth the penalties for disturbing the peace.
(Ord. 1986 c.19 §§ 1, 2 [354e]; Ord. 1991 c. 4 § 2) Penalty, see subsection 16-32.6

### 16-26.7  Prohibition Against Loud Amplification Devices in Motor Vehicles.

It shall be unlawful for any person in any area of the City to operate a loud amplification device or similar equipment, as defined in subsection 16-26.1, in or on a motor vehicle which is either moving or standing in a public way.
(Ord. 1991 c. 4 § 3)  Penalty, see subsection 16-26.11, 16-32.6

### 16-26.8  Prohibition Against Loud Amplification Devices in Public Ways or Places.

It shall be unlawful for any person in any area of the City to operate a loud amplification device or similar equipment, as defined in subsection 16-26.1, in a public way or in any other public place.
(Ord. 1991 c. 4 § 3)  Penalty, see subsection 16-26.11, 16-32.6

### 16-26.9  Prohibition Against Loud Amplification Devices in or on Residential Premises.

It shall be unlawful for any person in any area of the City to operate a loud amplification device or similar equipment, as defined in subsection 16-26.1, in a dwelling house or on the land or other premises of such dwelling house.
(Ord. 1991 c. 4 § 3)  Penalty, see subsection 16-26.11, 16-32.6

### 16-26.10  Enforcement.

Subsections 16-26.7, 16-26.8, or 16-26.9 may be enforced by any police officer, any special police officer designated by the Commissioner to do so, by any designee of the Air Pollution Control Commission or of the Board of Health and Hospitals or of the Commissioner of Inspectional Services. The Housing Court may enjoin violation of these subsections.
(Ord. 1991 c. 4 § 3; Ord. 1995 c. 5)

### 16-26.11  Penalties.

a.  Any person who violates subsections 16-26.7, 16-26.8, or 16-26.9 shall for the first offense be fined thirty ($30.00) dollars. The enforcing person shall make a record of the complaint, such record to include the following information (to the extent that it is available), name and address of person violating; name and address of landlord, if applicable; date; time; motor vehicle registration number, if applicable; and location of the violation. If the violator refuses to give the above-noted information or if any information proves false, said person shall be punished by a fine of an additional fifty ($50.00) dollars. The enforcing person shall give the violator a notice of the violation and fine, and the violation and fine may be disposed of

# EXHIBIT D

Parks Commission Rules

REVISED 4/05/02

## THE COMMONWEALTH OF MASSACHUSETTS
### CITY OF BOSTON

———————————————

## RULES OF THE BOSTON PARKS AND RECREATION COMMISSION
### RELATIVE TO THE USE OF THE PUBLIC PARKS AND OTHER PUBLIC PLACES (INCLUDING BOUNDARY ROADS AND PARKWAYS) UNDER ITS CONTROL

**SECTION 1.**  No person shall, in any public park (including any boundary road thereof), or other public place (including any parkway) under the control of the Parks and Recreation Commission:

**(a)**  abuse or annoy another; or

**(b)**  beg or canvass for alms; or

**(c)**  break any bottle or other article of glass: or

**(d)**  drop or place and suffer to remain, except in a receptacle provided for the purpose, any bottle, can, paper or other thing, or

**(e)**  make any public speech or distribute free or for a price any printed matter in the Public Garden or in, or within twenty-five feet of the Frog Pond in the Boston Common or in such portions of the public parks and other public places under the control of the Parks and Recreation Commission as are from time to time specially set apart for the playing of games and athletic contests, or

**(f)**  enter, or remain in, any public park between the hours of 11:30 p.m. and 6:00 a.m. on any day except for the purpose of going through such park on the walks or malls thereof unless specific request is made for a particular facility, written to the Commissioner, and brought before the Commission and approved. The Parks Commissioner can postpone or cancel events due to inclement weather or public safety.

**(g)**  Have in his or her possession any intoxicating liquor.

**SECTION 2.**     No person shall, in any public park (including any boundary road thereof), or other public place (including any parkway) under the control of the Parks and Recreation Commission, except under the auspices of public authority:

(a)     sit, stand or lie upon, or climb upon or over, any balustrade, railing, fence, wall, roof, statue, monument, fountain, bush or tree; or

(b)     go under any balustrade, railing or fence, or

(c)     stand or lie upon any seat; or

(d)     go upon any flower bed or cultivated area; or

(e)     dig up, cut, break, remove, deface, defile, or take any tree, bush, plant, turf, rock, gravel, building, structure, fence, railing, sign or other thing connected with such park of place; or

(f)     disturb any bird's nest or eggs; or

(g)     injure or have possession of any wild animal or bird; or

(h)     set any trap or snare, or

(i)     throw any stone or other missile; or

(j)     drop or place and suffer to remain a lighted match, cigarette, cigar or other burning substance; or

(k)     have or discharge any firecracker or fireworks; or

(l)     discharge any firearm or destructive weapon; or

(m)     have in any such park or place, except a boundary road or parkway on which there are dwellings, any firearm or destructive weapon; or

(n)     go on foot on any drive or bridle path except to go directly across from the walk to another; or

(o)     sit, stand or lie upon lawn areas in the Public Garden except such lawn areas designated as sitting areas.

**SECTION 3.**     No person shall, in any public park (including any boundary road thereof), or other public place (including any parkway) under the control of the Parks and Recreation Commission, except under the auspices of public authority or in a place especially set apart for the purpose by the Parks and Recreation Commission:

(a)     have or allow any animal, except a dog on a leash no longer than eight feet, or cat under proper control; or walk a dog in a designated Dog Free Zone; or

(b)     have, ride, or drive any vehicle except a wheelchair, baby carriage or other like vehicle; or

(c)     moor or use a boat or raft; or

(d)     skate, or coast with a sled; or

(e)     use a bicycle, scooter, roller skates, skateboard or the like; or

(f)     play ball or any other game or sport; or

(g)     run in a race; or

(h)     bathe or swim; or

(i)     fish; or

(j)     make a fire; or

(k)     have or allow any animal, including a cat or dog, with the exception of a seeing eye dog for a blind or handicapped person, on a leash, within the boundaries of the Public Garden.

(l)     play golf or hit golf balls;

**SECTION 4.**     No person shall be at any outdoor swimming pool under the control of the Parks and Recreation Commission, or upon any beach under its control, or in or upon the waters of any such pool or beach, unless he is so clothed that his body is not indecently exposed; and no person shall dress or undress at any such swimming pool or beach except in a place especially set apart for the purpose by the Parks and Recreation Commission; and no person over the age of twelve years shall wade or bathe in, or make any use of the waters in the Frog Pond in the Boston Common

**SECTION 5.**     No person shall have or allow on any bridle path in any public park or other public place under the control of the Parks and Recreation Commission any horse except a well broken horse, and no person shall race or gallop any horse on any such bridle path; and horses shall not be let or ridden on any such bridle path more than two abreast.

**SECTION 6.**     No person shall, in any public park (including any boundary road thereof) or other public place (including any parkway) under the control of the Parks and Recreation Commission; unless under a lease or concession granted under Chapter 365 of the Acts of 1897, and unless a written permit be on their person or prominently displayed, engage in any commercial enterprise or solicit business or display or distribute any commercial advertising matter; nor shall any person, except in accordance with a written permit from the Commissioner of Parks and Recreation, have or drive in or on any such park or place (or boundary road or parkway) any vehicle having a seating capacity of more than eight passengers.

**SECTION 7.**     No person in any public park (including boundary road thereof) or other public place (including any parkway) under the control of the Parks and Recreation Commission shall fail to comply with any reasonable direction given by any police officer or by any Parks and Recreation Department employee or contained in any notice posted by the Parks and Recreation Department.

**SECTION 8.**     No person shall place any snow or ice removed from private property upon any sidewalk or roadway of any boundary road of a public park or of any parkway under the control of the Parks and Recreation Commission; nor shall the owner or tenant of an estate abutting on any sidewalk suffer any snow to remain on such sidewalk for more than three hours between sunrise and sunset or suffer any ice to so remain unless such ice is made even and covered with sand, sawdust or ashes to prevent slipping.

**SECTION 9**     No person shall drive any vehicle upon any sidewalk of any boundary road of a public park or of any parkway under the control of the Parks and Recreation Commission except in accordance with a written permit from the Commissioner of Parks and Recreation. In places where vehicle use is permitted, no person shall ride in excess of five miles per hour, except where specifically designated.

**SECTION 10.**     Whoever violates any provision of section seven of these rules shall be punished by a fine of not more than twenty dollars for each offense; and whoever violates any other provision of these rules shall be punished by a fine or not more than fifty dollars for each offense.

CERTIFIED COPY:

**Brian McLaughlin, Executive Secretary**
**Boston Parks and Recreation Commission**

# EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11618 NG

COMMUNITY ARTS ADVOCATES
INC., ET AL.,
        Plaintiffs,

v.

CITY OF BOSTON,
        Defendant.

## AFFIDAVIT OF EUGENE SURVILLO

I, EUGENE SURVILLO, on oath do hereby depose and state as follows:

1.  I am employed as the Chief Park Ranger in the City of
    Boston Parks and Recreation Department.

2.  In this capacity I am the supervisor of all park rangers
    employed by the City of Boston Parks and Recreation
    Department.

3.  I have held such position since 1987.

4.  Part of the duties of Boston park rangers is to enforce
    the City of Boston ordinances and the Rules of the
    Boston Parks and Recreation Commission.

5.  The Rules of the Boston Parks and Recreation are
    published at

    *http://www.cityofboston.gov/parks/rules.asp.*

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 14TH
DAY OF OCTOBER 2004.


Eugene Survillo
Chief Park Ranger
City of Boston Parks and Recreation Department

# EXHIBIT F

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11618 NG

COMMUNITY ARTS ADVOCATES
INC., ET AL.,
        Plaintiffs,

v.

CITY OF BOSTON,
        Defendant.

## AFFIDAVIT OF DANIEL P. LINSKEY

I, DANIEL P. LINSKEY, on oath do hereby depose and state as
follows:

1.  I am employed by the City of Boston as the Commander of
    the Special Police Division, which includes the Boston
    Municipal Police.

2.  In this capacity I am the supervisor of all Boston
    Municipal Police Officers.

3.  I have held such position since April 17, of 2004.

4.  I have been a Boston Police Officer since November 1986.

5.  My current rank within the Boston Police Department is
    Sergeant Detective.

6.  Boston Municipal Police enforce the laws of the
    commonwealth and City of Boston Ordinances.

7.  Boston Municipal Police are governed by the Boston
    Police Department Rules and Regulations.

8.  Boston Municipal Police do not have any separate rules
    regarding itinerant musicians.

[signature next page]

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS $\underline{13}$
DAY OF OCTOBER 2004.

Daniel P. Linskey
Commander of the Special Police Division
City of Boston