UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMUNITY ARTS ADVOCATES, INC. and STEPHEN H. BAIRD,<br>Plaintiffs,<br><br>v.<br><br>CITY OF BOSTON,<br>Defendant. | CIVIL ACTION NO. 04-11618-NG |

**PLAINTIFFS' OPPOSITION TO DEFENDANT CITY OF BOSTON'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(c)**

Plaintiffs Community Arts Advocates, Inc. and Stephen H. Baird hereby oppose Defendant City of Boston's Motion To Dismiss Plaintiff's (sic) Complaint Pursuant To Fed. R. Civ. P. 12(c) because: 1) Boston Municipal Ordinance § 16-12.24 has not yet been repealed; 2) even had it been repealed, the repeal of an offending ordinance or rule does not render a Constitutional claim moot nor does it deprive a federal Court of review of that claim; 3) absent a declaration of rights by this Court, the City of Boston (the "City") can offer no evidence demonstrating that police and park personnel will not continue to engage in unconstitutional enforcement actions against Plaintiffs when Plaintiffs seek to exercise their rights in the future (and the many years history of erratic policy in the City indicates recurrent problems); 4) absent a declaration of rights by this Court, Plaintiffs and others will remain chilled in their exercise of their Constitutional rights because of their uncertainty regarding Boston's enforcement scheme going forward; 5) should this matter be dismissed without a declaration of the Plaintiffs' rights, the harm sought to be remedied through this action is likely to recur and to evade review; and 6) the City has admitted that the enforcement scheme complained of by the Plaintiffs is unconstitutional on its face and the Plaintiffs are therefore entitled, at a minimum, to costs and attorneys fees.  The enforcement scheme at issue in this matter has been an issue for more than a generation and even though the Mayor and the Boson Police

Department seem now to support rescinding the most egregious of the unconstitutional rules, they have attached no urgency to doing so and there is a substantial likelihood that an unconstitutional enforcement scheme will remain.

**Procedural History and Fact Presentation:**

Plaintiffs Stephen H. Baird ("Baird") and his organization Community Arts Advocates, Inc. ("CAA"),[1] brought this lawsuit in July of 2004 to redress Constitutional violations suffered by Mr. Baird and other public performers and artists under a City of Boston enforcement scheme that included harassment and threats of arrest. *See* Complaint filed by Plaintiffs, Paper #1, ("Complaint"). Plaintiffs' Complaint identifies Boston Municipal Ordinance § 16-12.24 ("§ 16-12.24") and Boston Police Rule 75 ("Rule 75")[2] as containing facially unconstitutional language violative of Plaintiffs' free speech and equal protection rights under the First and Fourteenth Amendments to the Constitution of the United States and under the Constitution of the Commonwealth of Massachusetts.[3] Plaintiffs' Complaint additionally identifies a more general enforcement regime conducted through the "practices and policies of the City of Boston, the Boston Police Department, and the Boston Parks and Recreation Department" under which the Constitutional rights of public performers and artists have been repeatedly violated. Complaint at ¶ 1.[4]

---

[1] Baird is the Executive Director of CAA, a non-profit Massachusetts corporation dedicated to supporting artists and the arts. *See Declaration of Stephen H. Baird*, attached hereto as Exhibit A ("Baird Declaration").

[2] After Plaintiffs filed the Complaint in this matter and their Motion for Preliminary Injunction, the City of Boston rescinded Rule 75 and replaced it with Boston Police Rule 403 ("Rule 403"). Rule 403 has now additionally been rescinded by the City. *See* Exh. A to City's Motion to Dismiss. To avoid confusion between these two Boston Police Rules, which are both constitutionally problematic and which have both been rescinded, the Plaintiffs refer to Rule 75 and Rule 403 collectively as "Rule 75" herein.

[3] *See* Complaint at ¶¶ 40-45 asserting that the restrictions imposed by § 16-12.24 and Rule 75 are not content neutral, are not narrowly tailored to serve a significant or substantial government interest, do not leave open ample alternative channels for the type of expressive activity that is being restricted, and employ gender classifications that do not serve important governmental objectives. *See also cases cited in* Memorandum in Support of Plaintiffs' Motion for a Preliminary Injunction ("P.I. Memo"), Paper #14; Plaintiffs' Reply Memorandum Supporting Their Motion for a Preliminary Injunction ("P.I. Reply Memo"), Paper #22.

[4] Plaintiffs' Complaint seeks two distinct forms of declaratory relief, one covering § 16-12.24 and Rule 75 specifically, and the other declaring the artists' rights generally. Paragraph 2 of the Complaint states that Plaintiffs seek declaratory relief "that Boston Municipal Ordinance § 16-12.24 and Boston Police Rule 75 violate the First and Fourteenth Amendments to the United States Constitution and the Constitution of the Commonwealth of Massachusetts" and "that plaintiffs and others have the right to play musical instruments, to perform, to display and offer works of art, and to solicit peacefully and receive consideration for these activities in the public streets, sidewalks, grounds and parks of the City of Boston," subject only to

Plaintiffs' Complaint and the affidavits submitted by Plaintiffs in this matter document repeated instances where Baird and other performers have been told by Boston Parks Department Rangers and Boston Police Officers that they are not permitted to perform in the Boston Common, in and around Faneuil Hall, and on Newbury Street in Boston, even in cases where the performers possessed and produced proper licenses from the City of the Boston.  *See* Complaint at ¶¶ 29-34;  Exhibits ("Exhs.") A and C to P.I. Memo.

Both prior to the filing of this Complaint, and in the months since this Complaint has been filed, the City of Boston has responded to Plaintiffs' allegations of improper rules, ordinances and enforcement by conceding that § 16-12.24 and Rule 75 are facially unconstitutional.  The City has additionally represented, both in the papers that it has filed and at the hearings on Plaintiffs' Motion for Preliminary Injunction held before the Court in this matter on December 22 and 23, 2004, that § 16-12.24 and Rule 75 are not being enforced, that Rule 75 has been rescinded, and that the Mayor of Boston has proposed to the Boston City Council that § 16-12.24 be repealed.  *See* Defendant City of Boston's Motion To Dismiss Plaintiff's (sic) Complaint Pursuant to Fed.R.Civ.P. 12(c), Paper # 33 (the "City's Motion to Dismiss") at ¶¶ 3-7, 12; Transcript of Preliminary Injunction Hearing held on December 22, 2004 ("Dec. 22 Transcript");  Transcript of Preliminary Injunction Hearing held on December 23, 2004 ("Dec. 23 Transcript").

The City has now filed a perfunctory motion to dismiss arguing that, based on the City's representations in its pleadings and at the Preliminary Injunction Hearings, the Plaintiffs' claims in this matter have become moot.  *See* City's Motion to Dismiss at ¶¶ 1, 12.  However, as the City fails to recognize, its current representations regarding § 16-12.24 and Rule 75 address only a fraction of the harm claimed by Plaintiffs and provide no guarantee that the harms described in Plaintiffs' Complaint will not

---

licensing rules that <u>would</u> pass Constitutional muster.  New rules (or practices absent any rule) that repeat the problems of § 16-12.24 or Rule 75 would not qualify.

recur, evading review. The City's Motion To Dismiss should be denied because: 1) Boston Municipal Ordinance § 16-12.24 has not yet been repealed; 2) even had it been repealed, the repeal of an offending ordinance or rule does not render a Constitutional claim moot nor does it deprive a federal Court of review of that claim; 3) absent a declaration of rights by this Court, the City of Boston (the "City") can offer no evidence demonstrating that police and park personnel will not continue to engage in unconstitutional enforcement actions against Plaintiffs when Plaintiffs seek to exercise their rights in the future (and the many years history of erratic policy in the City indicates recurrent problems); 4) absent a declaration of rights by this Court, Plaintiffs and others will remain chilled in their exercise of their Constitutional rights because of their uncertainty regarding Boston's enforcement scheme going forward; 5) should this matter be dismissed without a declaration of the Plaintiffs' rights, the harm sought to be remedied through this action is likely to recur and to evade review; and 6) the City has admitted that the enforcement scheme complained of by the Plaintiffs is unconstitutional on its face and the Plaintiffs are therefore entitled, at a minimum, to costs and attorneys fees.

### Standard of Review:

The City styles its Motion to Dismiss as a motion for judgment on the pleadings under Fed.R.Civ.P. 12(c). Under Rule 12(c):

> After the pleadings are closed…any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. Fed.R.Civ.P. 12(c).

Here both parties have presented and rely on materials outside the pleadings. Should the Court choose to accept those materials, the City's Motion to Dismiss should be treated as a motion for Summary Judgment under Fed.R.Civ.P. 56, as described above. *See also Gulf Coast Bank & Trust v. Reder*, 355 F.3d 35, 38 (1st Cir. 2004).

The City should not be permitted to convert its perfunctory motion into a motion for summary judgment simply by styling it as a motion under Rule 12(c) and attaching three pages of exhibits. Such a conversion would circumvent the requirements associated with filing a motion for summary judgment under U.S. District Court for the District of Massachusetts Local Rule 56.1, which requires that motions for summary judgment include a concise statement of the undisputed material facts of record with page references to affidavits and other documentation. Failure to include such a statement is grounds for denial of a motion for summary judgment under Local Rule 56.1 and for summarily denying a surrogate for a Rule 56 motion such as the present Rule 12(c) motion. Should the Court accept the additional materials presented by the parties and treat the City's Motion to Dismiss as a motion for summary judgment under Rule 56, the Court should issue an Order requiring the parties to make the submissions required under Local Rule 56.1, and providing a schedule for briefing in support of those submissions.

Should the Court instead reject the materials that have been presented outside the pleadings by the parties, the Court should review the City's Motion to Dismiss under the more permissive Rule 12(c) standard. "[T]he fate of such a [12(c)] motion will depend upon whether the pleadings, taken as a whole, reveal any potential dispute about one or more of the material facts." *Gulf Coast Bank* at 38. *Citations omitted*. The pleadings in this matter demonstrate substantial disputes between the parties regarding the constitutionality of the enforcement scheme that has been in place in the City of Boston and the constitutionality of that enforcement scheme going forward. As argued below, under either the summary judgment standard of review[5] or the more permission Rule 12(c) standard of review, substantial disputes of

---

[5] Under Rule 56, summary judgment should be granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Gulf Coast Bank* at 39. *Citations omitted*. The City of Boston cannot hope to make such a showing on the record presented when an admittedly (by the City) unconstitutional ordinance has yet to be rescinded, when other admittedly problematic rules remain on the books, *see* Section I(B) *below*, and when City artists and performers, including Plaintiffs, remain chilled in the exercise of their constitutional rights by the confusing enforcement scheme that has been enforced in the City of Boston.

fact remain, the harm claimed by the plaintiffs continues and is likely to recur in the future, and the City's motion should be denied.

## Argument:

**I.      Plaintiffs' Claims Are Not Moot:**

This case represents the culmination of many years of effort by Baird and others (during a thirty year period) to bring the Boston Municipal Code, and the accompanying enforcement regime, into line with Constitutional requirements. As documented in the attached Baird Declaration, Baird began working toward a new set of public performance ordinances and a new enforcement scheme in the City of Boston as early as 1972. Despite repeated agreements with City officials over the last 30 years (with some periods of Baird's absence from Boston) that unconstitutional portions of City ordinances would not be enforced, performers and artists in the City of Boston have continued to be subjected to harassment and threats, including being required to cease performing and including being arrested. This enforcement scheme of harassment and threats of arrest has continued up until as recently as the summer of 2004. *See* Baird Declaration at ¶¶ 4-12.

Despite this history, despite Plaintiffs' claims outside of § 16-12.24 and Rule 75, and despite the glaring fact that § 16-12.24 has not yet even been repealed, the City asks that this Court dismiss all of Plaintiffs' claims in this action **with prejudice**. City's Motion To Dismiss at page 2. At best, this request is completely premature. At worst, this request permits the City to continue to engage in a sometimes random scheme of enforcement that continues to deprive Plaintiffs of their Constitutional rights without any opportunity for the Plaintiffs to seek meaningful judicial review.

The Court should deny the City's Motion to Dismiss pending further action by the City, should take further evidence and then should declare § 16-12.24 and Rule 75 unconstitutional, should declare the Plaintiffs' rights to perform and to accept contributions and sell their art in the City of Boston as

demanded in the Complaint, should grant injunctive relief consistent with such declaration and should award the Plaintiffs their costs and attorneys' fees in this action.[6]

> A.   **Plaintiffs' Claims are not Moot Because the Harm at Issue in This Action is Likely to Recur and to Evade Review:**

The Court should dismiss a Plaintiff's claims as moot only if it has become "absolutely clear" that the "wrongful behavior" complained of will not recur. *See Ford v. Suffolk County*, 154 F.Supp. 2d 131 at 139, FN 17 (D.Mass. 2001)(Gertner, J.)(Court partially granted declaratory and injunctive relief sought by plaintiffs regarding unconstitutional County prisoner search policies even though those policies were no longer in effect and despite claims of mootness because it was not absolutely clear that wrongful behavior would not recur), *citing, Mack v. Suffolk County*, 191 F.R.D. 16, 21 (D.Mass. 2000), *citing, City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283 (1983).[7] *See also Homier Distrib. Co. v. City of New Bedford*, 188 F.Supp.2d 33 (D.Mass. 2002)(holding that plaintiff's claims were not moot even though city had repealed offending ordinance, declaring ordinance unconstitutional and void, and awarding attorneys' fees and costs).[8]

---

[6] In the alternative, the Court should, at a minimum, deny the City's Motion to Dismiss and instead place this civil action on the Court's list of currently inactive cases to await further action by the City. This would at least permit the Plaintiffs and the City time to see if all unconstitutional rules and ordinances are, in fact, rescinded and to see if an unconstitutional enforcement regime remains in effect in Boston during the upcoming summer months.

[7] In the First Circuit, *City of Mesquite* has generally been interpreted to require a determination based on the regulations in effect at the time of the motion being decided and to permit actions alleging claims for only declaratory and injunctive relief to go forward, despite the rescission of challenged regulations, only where there is a "reasonable expectation that the challenged conduct will be repeated following dismissal of the case." *See Anderson v. City of Boston*, 375 F.3d 71, 92-93 (1st Cir. 2004); *New Eng. Reg'l Council of Carpenters v. Kinton*, 284 F.3d 9, 18 (1st Cir. 2002); *D.H.L. Assocs. v. O'Gorman*, 199 F.3d 50, 55 (1st Cir. 1999). Because, on the facts in this case, § 16-12.24 has not been rescinded, because Plaintiffs have complained, and continue to complain, regarding additional ordinances and rules that remain in effect, and because even in the wake of the rescissions currently proposed by the City there is a reasonable expectation that the unconstitutional enforcement regime will continue, the Court should not dismiss Plaintiffs' claims and should apply the *City of Mesquite* cases to grant Plaintiffs relief consistent with *Ford and Homier, cited supra*.

[8] The City of Boston relies on a single case, *Cruz v. Farquharson*, 252 F.3d 530 (1st Cir. 2001) to support its Motion to Dismiss. That case, affirming an order of dismissal on mootness grounds, is clearly distinguishable from the facts at issue here. The Plaintiffs in *Cruz* sought action by the U.S. Immigration and Naturalization Service ("INS") on their petitions for permanent residence for their alien spouses. The INS acted on the petition of each Plaintiff and moved for dismissal. The Court dismissed the case, holding that the Plaintiffs had been granted the complete relief that they had requested, in that the INS had acted on each of their petitions. The Court additionally held that there was no demonstrated probability that the same controversy, involving the same parties, would recur and that it was unlikely that similar cases would evade review. These facts are distinguishable from the facts in our case in which the Plaintiffs have NOT been granted the complete relief sought, in which it is likely that the same controversy between the same parties will recur as the same artists seek to perform in Boston's public spaces, and where, should the City of Boston repeatedly change its position as it has in the past (see Baird Declaration at ¶¶ 4-15), the harm could easily evade review.

In this case, the City tries to avoid the Plaintiffs' lawsuit and the Court's review by voluntarily rescinding on paper (and with uncertain reach to Boston rank and file Police Officers and Park Rangers) the most egregious portions of its enforcement scheme. This is not sufficient to render the case moot. "It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Homier* at 36 *citing City of Mesquite* at 289. This is particularly true where, as here, the City has a history of changing its enforcement policies over time and reverting to unconstitutional practices, where, as here, a substantial portion of the unconstitutional rules and enforcement scheme remain in place, and where, as here, Plaintiffs and others remain chilled in their exercise of their Constitutional rights because of their uncertainty regarding the City of Boston's enforcement scheme going forward. *See* Baird Declaration.

  **B.**  **The Rescissions Do Not Eliminate The Likelihood That Unconstitutional Enforcement Will Continue Under a Confusing Web Of City Rules and Ordinances:**

Despite the City's willingness to recognize the unconstitutionality of § 16-12.24 and Rule 75, the City has completely ignored Plaintiffs additional claims involving an unconstitutional enforcement scheme. As the Plaintiffs have argued in their Complaint, "Law enforcement officers typically do not state a legal basis for their demand that artists stop exercising their Artists' Rights…[A]rtists could be charged with violation of numerous sections of the Boston Municipal Ordinance if they do not comply with an officer's demands." Complaint at ¶19.[9] Plaintiff Baird has himself repeatedly been confronted by Park Rangers and Police Officers who have been unable to give a cogent explanation as to what authority and rule they were enforcing. Complaint at ¶¶ 29-34; *see also* Baird Declaration at ¶ 13. The result is that, even with the

---

[9] As catalogued in the Complaint at page 8, the following sections of the Boston Municipal Ordinance may be applied in an unconstitutional manner to deprive Plaintiffs' of their rights:
§ 7-4.4 Control of Portions of Post Office, Dock and Faneuil Hall Squares; § 7-4.6 Music; § 16-2.2 Crying of Wares; § 16-10.2 Obstruction to Travel; § 16-10.4 Disorderly Conduct; § 16-10.5 Compliance with Directions; § 16-12.2 Loitering; § 16-12.15 Throwing or Shooting on Streets; § 16-12.27 Abusive Language; Soliciting in Streets; § 16-18.1 Use of Sidewalks; § 16-19.1 Use of Public Grounds; § 16-19.2 Public Addresses, Vending, Etc.; §16-19.3 Permit for Use of Park Land for Demonstrations; §16-19.4 Profanity and Other Offenses; § 16-26.1 Unreasonable Noise; General Prohibition and Definitions; § 16-26.2 Disturbing the Peace; § 16-26.8 Prohibitions Against Loud Amplification Devices in Public Ways or Places; § 16-26.10 Enforcement; § 16-41.1 Prohibiting Aggressive Solicitations; and § 16-41.2 Prohibited Acts.

rescission of Rule 75 and the proposed rescission of § 16-12.24, a complex web of City Ordinances, Boston Police Rules and Parks and Recreation Commission Rules remains in place that could be, and in the past has been, enforced in a way that infringes on an artists' Constitutional rights.  Chief among the remaining rules and ordinances that concern Plaintiffs are Park Commission Rule § 1(b), which prohibits begging or canvassing for alms ("Park Rule 1(b)"); Park Commission Rule § 6, which prohibits commercial enterprises, soliciting of business and displaying advertising material ("Park Rule 6"); and Boston Municipal Ordinances § 16-26.1, prohibiting "unreasonable noise" ("Noise Ordinance").  *See* Park Commission Rules, attached as Exh. D to the City's Opposition to Plaintiffs' Motion for Preliminary Injunction ("Opposition to P.I."), Paper #15; Noise Ordinance and other selected Boston Municipal Ordinances, attached as Exhs. B and C to Opposition to P.I. [10]

Counsel for the City's representations at the Preliminary Injunction Hearings that Park Rule 1(b) is unconstitutional and will not be enforced and that Park Rule 6 will not be applied to Plaintiffs and others like Plaintiffs offers no assurance that Park Rangers have been instructed not to engage in unconstitutional enforcement under the Rules, that these Rules have been rescinded or clarified, or that artists are aware that they will not be harassed under these Rules.  *See* Docket Entry regarding Electronic Order entered on December 23, 2004;  Dec. 23 Transcript.

As the Plaintiffs stated in the Complaint, "Merely rescinding or revising Police Rule 75 will not adequately protect the constitutional rights of Plaintiffs and other performers and artists.  The parks and public spaces of the City of Boston are patrolled not only by Boston Police Department, but also by the Boston Parks Department, the Massachusetts State Police, and the Boston Municipal Police.  To be adequate, any resolution must reach all law enforcement personnel…"  Complaint at ¶ 37.  This is why declaratory judgment declaring the rights of the artists is a particularly appropriate remedy is this case,

---

[10] As recently as last summer the City of Boston created confusion regarding its enforcement regime when it claimed to Plaintiffs that unconstitutional enforcement would stop, and when it nevertheless persisted in such enforcement through the

providing clarity for artists and municipal officials regarding the artists' rights and preventing unconstitutional enforcement going forward.

Should the Court dismiss this case, the remaining mish-mash of jurisdictions, ordinances and rules could easily result in continued unconstitutional enforcement, and will certainly result in continued confusion on the part of artists and City officials as to how artists may exercise their Constitutional rights in the City of Boston, chilling the exercise of those rights.[11]

## II.    Plaintiffs Are, at a Minimum, Entitled to Costs and Attorneys' Fees:

Plaintiffs' Complaint brings claims pursuant to 42 U.S.C. §§ 1983 and 1988 alleging violations of Plaintiffs' Constitutional rights under the First and Fourteenth Amendments to the United States Constitution, the Constitution of the Commonwealth of Massachusetts, and M.G.L. ch. 12 §§ 11H and 11I.  Complaint at ¶ 3 and page 16.  Prevailing parties on such federal claims are entitled to an award of attorneys fees under 42 U.S.C. 1988.  To the extent that this Court finds that the Plaintiffs' claims should be dismissed because the City has rescinded the offending rules and ordinances, the Court should consider the Plaintiffs to have prevailed on their claims against the City and should award Plaintiffs costs and attorneys fees under § 1988.  *See Homier, cited supra, and, Homier Distrib. Co. v. City of New Bedford*, 2002 U.S. Dist. LEXIS 13082 (D.Mass. 2002)(awarding costs and attorneys fees under § 1988 in the amount of $52,447.58 in circumstances virtually identical to the circumstances presented here)(A copy of *Homier Distrib. Co. v. City of New Bedford*, 2002 U.S. Dist. LEXIS 13082 (D.Mass. 2002) is attached hereto as Appendix A for the convenience of the Court.).

---

summer of 2004.  *See* Baird Declaration.  *See also* letter dated June 29, 2004 from Mary Jo Harris to counsel for the Plaintiffs, attached to Plaintiffs' Complaint as Exh. D.

[11] There are almost 400 performers licensed in Cambridge, fewer than two dozen in Boston.  Baird Declaration at ¶ 17.  These figures encapsulate the whole situation.

Similarly, parties such as the Plaintiffs here which assert and prevail on claims brought under the Massachusetts Civil Rights Act, specifically M.G.L. ch. 12 § 11I, are entitled to an award of costs and reasonable attorneys fees. *See Connolly v. Harrelson*, 33 F.Supp. 2d 92 (D.Mass. 1999).

The Court should deny the City's Motion to Dismiss this action. However, to the extent that the Court finds that certain portions of the Plaintiffs' claims should be dismissed, the Court should deem the Plaintiffs to have prevailed on those claims, and to be entitled to costs and attorneys fees under § 1988 and under M.G.L. ch. 12 § 11I.

>                                  Respectfully submitted,
>
>                                  Plaintiffs,
>                                  **COMMUNITY ARTS ADVOCATES, INC. and STEPHEN H. BAIRD,**
>                                  By their attorneys,
>
>                                  /s/ Christine M. Griffin
>                                  Jerry Cohen, BBO #089400
>                                  Stephen Y. Chow, BBO #082990
>                                  Christine M. Griffin, BBO #651401
>                                  PERKINS SMITH & COHEN LLP
>                                  One Beacon Street, 30th Floor
>                                  Boston, Massachusetts 02108

March 18, 2005                     (617) 854-4000
31622-2 OppMtnDismiss.doc

## CERTIFICATE OF SERVICE

I, Christine M. Griffin, hereby certify that a true copy of the foregoing was served upon the following counsel by first-class mail, postage prepaid, on this the 18th day of March, 2005:

| | |
|---|---|
| Thomas R. Donohue, Esq. | Ronald G. Nelson, Esq. |
| City of Boston Law Department | City of Boston Law Department |
| City Hall, Room 615 | City Hall, Room 615 |
| Boston, MA 02201 | Boston, MA 02201 |

>                                  /s/ Christine M. Griffin
>                                  Christine M. Griffin