# APPENDIX A

to

**PLAINTIFFS' OPPOSITION TO DEFENDANT CITY OF BOSTON'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(c)**

Get a Document - by Citation - 2002 U.S. Dist. LEXIS 13082 3/18/05 3:42 PM

Case 1:04-cv-11618-NG    Document 37-3    Filed 03/18/2005    Page 2 of 4

LexisNexis Total Research System

Switch Client | Preferences | Feedback | Sign Off | ? Help

Search | Research Tasks | Search Advisor | Get a Document | Shepard's®

ECLIPSE | History

FOCUS™ Terms [_____] Go → FOCUS Options...

View: Full | Custom    ◀ 1 of 1 ▶    Print | Download | Fax | Email | Text Only

More Like This | More Like Selected Text | Shepardize® | TOA

Homier Distrib. Co. v. City of New Bedford, 2002 U.S. Dist. LEXIS 13082    Pages: 4

Service: Get by LEXSEE®
Citation: 2002 U.S. dist. LEXIS 13082

2002 U.S. Dist. LEXIS 13082, *

HOMIER DISTRIBUTING COMPANY, Plaintiff, v. CITY OF NEW BEDFORD, et al., Defendants.

CIVIL ACTION NO. 00-12410-GAO

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

2002 U.S. Dist. LEXIS 13082

July 18, 2002, Decided

**DISPOSITION:** [*1] Sum of $ 49,017.50 in attorneys' fees and $ 3,430.08 in expenses, for a total award of $ 52,447.58 awarded.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Plaintiff company sued defendant city pursuant to 42 U.S.C.S. § 1983 alleging that an ordinance was unconstitutional because it violated the Commerce Clause. The company prevailed on its claim and moved for an award of attorneys' fees under 42 U.S.C.S. § 1988.

**OVERVIEW:** The company's motion for attorneys' fees was supported by affidavits as to the number of hours worked by attorneys on the case and the customary billing rates for the respective attorneys. The city argued that the fees requested were in some degree duplicative and asserted that it was unnecessary to have more than one attorney working on the case. The court held that the local rules required the appearance of local counsel and the company's primary attorney's offices were located outside the district. It did not appear that the fees requested on behalf of local counsel were based on work unnecessarily undertaken. It was not unreasonable for the lead attorney to have had some substantive assistance in preparing and presenting the case. The hourly billing rates for the various attorneys working on behalf of the company were reasonable. The amount billed for computer-aided research was properly allowable. The travel expenses were limited to necessary appearances in the district.

**OUTCOME:** The motion for attorneys' fees and expenses was awarded.

**CORE TERMS:** billing, duplication, billed, appearance, work done, presentation, undertaken, preparing, devoted, duplicative, practicing, overhead

**LexisNexis(R) Headnotes** ◆ Hide Headnotes

Civil Procedure > Costs & Attorney Fees > Reasonable Fee Amount 

Get a Document - by Citation - 2002 U.S. Dist. LEXIS 13082
Case 1:04-cv-11618-NG    Document 37-3    Filed 03/18/2005    Page 3 of 4
3/18/05 3:42 PM

<sup>HN1</sup> With regard to an award for attorney's fees, the starting point for determining the amount of an award is the so-called "lodestar," the product of the number of hours of professional time reasonably devoted to the prosecution of the case and the reasonable hourly rate for such services. More Like This Headnote

Civil Procedure > Costs & Attorney Fees > Reasonable Fee Amount

<sup>HN2</sup> With regard to an award of attorney's fees, the mere fact that more than one lawyer toils on the same general task does not necessarily constitute excessive staffing. More Like This Headnote

**COUNSEL:** For Homier Distributing Company, Inc, PLAINTIFF: Ross Ginsberg, Gilman, McLaughlin & Hanrahan, Boston, MA USA.

For City of New Bedford, Frederick M Kalitsz, Jr, Arthur Kelly, III, Daniel W Patten, Janice A Davidan, Paul Koczera, DEFENDANTS: Joseph L Tehan, Jr, Kopelman & Paige, PC, Boston, MA USA.

**JUDGES:** GEORGE A. O'TOOLE, JR., DISTRICT JUDGE.

**OPINIONBY:** GEORGE A. O'TOOLE, JR.

**OPINION:** AWARD OF ATTORNEYS' FEES

July 18, 2002

O'TOOLE, D.J.

The plaintiff, Homier Distributing Company, Inc., prevailed on its claim under 42 U.S.C. § 1983 that an ordinance of the defendant City of New Bedford, Massachusetts, was unconstitutional because it violated the Commerce Clause. See Homier Distrib. Co. v. City of New Bedford, 188 F. Supp. 2d 33 (D. Mass. 2002). Homier has now moved for an award of attorneys' fees under 42 U.S.C. § 1988. There is no question that the plaintiff qualifies as a "prevailing party" under § 1988.

As the parties recognize, <sup>HN1</sup> the starting point for determining the amount of an award is the so-called [*2] "lodestar," the product of the number of hours of professional time reasonably devoted to the prosecution of the case and the reasonable hourly rate for such services. See Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001) (citing Hensley v. Eckerhart, 461 U.S. 424, 433, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983)). The plaintiff's application is supported by affidavits as to the number of hours worked by attorneys on the case and the customary billing rates for the respective attorneys.

The defendants have objected to the allowance of the amount applied for by the plaintiffs. It appears that the defendants' principal objection is that the fees requested are in some degree duplicative. They make the objection both generally, complaining that it was unnecessary to have more than one attorney working (and billing) on the case, and with respect to particular hours billed, as reflected in the time and billing records submitted by the plaintiff.

I have reviewed the affidavits and supporting materials with care. I do not agree that they indicate unnecessary duplication in work by attorneys on the case. As a general matter, "<sup>HN2</sup> the mere [*3] fact that more than one lawyer toils on the same general task does not necessarily constitute excessive staffing." Gay Officers, 247 F.3d at 297 (citing Rodriquez-Hernandez v. Miranda-Velez, 132 F.3d 848, 860 (1st Cir. 1998)). In this case, the plaintiff was primarily represented by Mr. Kirby, whose offices are located outside this district. In such circumstances, our local rules require the appearance of local counsel. See L.R. 83.5.3(b). Some fee for local counsel is thus clearly necessary. It does not appear that the fees requested on behalf of local counsel are based on work unnecessarily undertaken. The fees requested on behalf of local counsel amount to a little more than one-ninth of the fees requested on behalf of the attorneys primarily responsible for the prosecution of the case. That does not suggest any substantial duplication by local counsel (or, for that matter, vice versa). The defendants also object that a number of specific tasks undertaken by local counsel were unnecessary, but the objection does little more than point out occasions on which local counsel devoted time to a task as to which primary counsel had also performed work. [*4] The defendants object, for example, to local counsel's review of pleadings to be filed with the Court and to local counsel's accompanying primary counsel to court appearances. These are services regularly expected of local counsel, and nothing in the materials presented indicates any abuse or overreaching in this regard. Although at first blush it may appear that the defendants have specific objections to particular work done by local counsel, on closer consideration it is apparent that the catalog of instances of duplication is supported only by the general objection that two lawyers working on the same task, such as preparing the complaint, must result in duplication. But, as the First Circuit has noted, "effective preparation and presentation of a case often involve the kind of collaboration that only occurs when several attorneys are working on a single issue." Gay Officers, 247 F.3d at 297.

The defendants further object to the inclusion in any award of an amount for time billed by Mr. Johnstone. I find, on the basis of the affidavit of Mr. Kirby, that Mr. Johnstone has accumulated experience and expertise in matters such as the one presented and that his [*5] contributions were not simply duplicative of Mr. Kirby's work. It is notable that Mr. Kirby has not made application for time

Get a Document - by Citation - 2002 U.S. Dist. LEXIS 13082

Case 1:04-cv-11618-NG    Document 37-3    Filed 03/18/2005    Page 4 of 4

3/18/05 3:42 PM

billed by any associates practicing within his firm. In a case such as this, such time might normally be expected to be included. If it had been, the defendants might have had a better claim that there was unnecessary duplication in the assistance given by Mr. Johnstone to Mr. Kirby as the primary litigator of the case. It is not unreasonable for Mr. Kirby to have had some substantive assistance in preparing and presenting the case, and given Mr. Johnstone's level of experience with the client and the issues and the absence of an application on behalf of other associated counsel, I see no reason to disallow the requested amount attributable to the work done by Mr. Johnstone.

I further find that the hourly billing rates for the various attorneys working on behalf of the plaintiff were reasonable. In this respect I rely not only on the specific information furnished by the plaintiff, but also on my own observations of the competence of counsel in the presentation of the case, as well as my general familiarity with the standards of practice and billing levels **[*6]** among attorneys practicing in this Court. I do not believe that any distinction between "core" and "non-core" work is appropriate in a case such as this. I am in accord with my colleague Chief Judge Young's reformed views on this subject. See System Mgmt., Inc. v. Loiselle, 154 F. Supp. 2d 195, 209 & n.2 (D. Mass. 2001).

I also find that the expenses claimed are fair and reasonable. The amount billed for computer-aided research is properly allowable. I see no reason to treat that expense, which is billed separately to clients as an expense, as part of "firm overhead" when the firm excludes it from overhead and sets its billing rates accordingly. The travel expenses were limited to necessary appearances in the district. As the plaintiff concedes, a minor adjustment in the amount of $ 87.98 is to be made. Otherwise the amounts claimed are allowed.

On the plaintiff's application, I award the sum of $ 49,017.50 in attorneys' fees and $ 3,430.08 in expenses, for a total award of $ 52,447.58.

July 18, 2002
DATE

GEORGE A. O'TOOLE, JR.

DISTRICT JUDGE

View: Full | Custom

◄ 1 of 1 ►
More Like This | More Like Selected Text | Shepardize® | TOA

Print | Download | Fax | Email | Text Only

Homier Distrib. Co. v. City of New Bedford, 2002 U.S. Dist. LEXIS 13082

Pages: 4

Service: Get by LEXSEE®
Citation: 2002 U.S. dist. LEXIS 13082
View: Full
Date/Time: Friday, March 18, 2005 - 3:40 PM EST

* Signal Legend:
● - Warning: Negative treatment is indicated
[Q] - Questioned: Validity questioned by citing refs
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
Ⓐ - Citing Refs. With Analysis Available
ⓘ - Citation information available
* Click on any Shepard's signal to Shepardize® that case.

Search | Research Tasks | Search Advisor | Get a Document | Shepard's ®
Eclipse ™ | History | Delivery Manager | Switch Client | Preferences | Feedback | Sign Off | Help
About LexisNexis | Terms and Conditions

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.