# EXHIBIT A

## to

## PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION OF STEPHEN H. BAIRD

## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMUNITY ARTS ADVOCATES, INC. )<br>and STEPHEN H. BAIRD, )<br>    **Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**CITY OF BOSTON,** )<br>    **Defendant.** )<br>) | **CIVIL ACTION NO. 04-11618-NG** |

## SUPPLEMENTAL DECLARATION OF STEPHEN H. BAIRD

I, Stephen H. Baird, declare and state as follows upon personal knowledge:

1. I am the Executive Director of Community Arts Advocates, Inc., ("CAA"), a non-profit Massachusetts Corporation dedicated to the promotion of the arts. CAA has over 30 members, most of whom are public performers and artists. I am myself a musician and performer with over three decades of performance experience both in the United States and internationally. I am the co-plaintiff with CAA in this action. I have submitted previous affidavits in this matter, including a Declaration in Support of Plaintiffs' Opposition to Defendant City of Boston's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(c). Based on a recent event, I submit this Supplemental Declaration.

2. I have not attempted to perform publicly in the City of Boston (the "City") since December 24, 2004. At that time, I was accompanied by several television and print media reporters. I was not harassed at that time. I have been chilled in my public performance in the months since that time as the result of the vague, confusing, and harassing enforcement scheme that the City has engaged in in the past with regard to public performers and artists. In addition, it has been a severe winter in Boston, and I have therefore not attempted for several months to perform outside in the Boston area.

3. However, on Wednesday, March 30, 2005, the weather was warmer and I decided to attempt to perform outside. I was aware of the representations of the City of Boston in this Civil Action, the above-encaptioned action, that no unconstitutional enforcement would take place regarding street performers and artists. Based on these representations, and despite my doubts regarding the implementation of a new enforcement scheme in the City, I decided to perform on the streets and parks of the City of Boston.

4. I arrived in Sam Adams Park, which is also known as Dock Square, in front of Faneuil Hall around 1:00 pm. I set up my hammered dulcimer, along with a mandolin, guitar and two wooden puppets by the Sam Adams statue in front of Faneuil Hall. Several families with children stopped by and sang The Marvelous Toy by Tom Paxton with me and

participated by performing on small percussion instruments. Small groups of 3-6 people stopped to hear the dulcimer.

5.    Around 2:00 pm a City worker with CHP imprinted on his shirt came by and told me I could not perform in Sam Adams Park. He said I needed a permit to perform there. I told the City worker that I did not need a permit and that the City had stated in Federal Court that I did not need a permit. I also directed the City worker to the Corporation Counsel for the City of Boston, Merita Hopkins. The exchange continued. The City Worker stated that he knew who Merita Hopkins was and I told him that if I was not allowed to perform there that he should have me arrested.

6.    The City worker then made a call on his cell phone and asked for a "Sergeant to come on down." The City worker then moved from the immediate area and made some additional phone calls and eventually went into Faneuil Hall.

7.    At that time, I talked to some of the audience members to ask them to be witnesses regarding the exchange between myself and the City worker. Ms. Elodie Perroud, 807 Douglass Ave., Davis, CA 95616, 530-220-0530, stated she would verify the confrontation. She additionally signed the Street Artists Petition attached hereto as Exhibit A. This petition contains signatures gathered while I was performing on March 30, 2005. Ms. Perroud indicated she was a student on tour with a choral group from California. She and other members of her choir then left.

8.    About 15 minutes later, two Boston Police Officers came by and said I could not perform in Sam Adams Park. One Officer stated I needed a permit. He said that Sam Adams Park was Federal property. I said it was my understanding that I did not need a permit based on what the City had said in Federal Court. The Officer said I could go play on the sidewalk, but not in the park. I then showed the Officer a copy of the December 23, 2004 Electronic Order of the Federal District Court which I had copied onto CAA letterhead (attached hereto as Exhibit B). After the Officer read the document he tossed the document back at me and stated, "the courts do not know what they are doing." He then said that it was a nice day and he wouldn't arrest me right now.

9.    I was intimidated by my interaction with the Boston Police. I packed up my instruments and left Sam Adams Park at approximately 2:30 pm.

10.   Later that afternoon I performed on Boston Common without incident.

11.   The document that I produced to the Boston Police Officer (Exhibit B hereto), is a document that I have created on CAA letterhead for distribution to and use by street artists and performers. It is my understanding that with the repeal of Boston Police Rules 75 and 403 (which I am informed have been repealed) and Boston Municipal Ordinance 16.12.24 (which I am informed has not been repealed), that no permitting scheme exists in the City for street artists and performers. I therefore created this document, Exhibit B, so that street artists and performers would have something to present when challenged by City authorities. The document indicates the name of this Civil Action and copies the

Court's Electronic Order in this action of December 23, 2004.

12.    Although the Boston Police indicated to me that Sam Adams Park was Federal property, it is my understanding based on the representations of the City at various times over the last 20 years, based on the regulations of the City which purport to regulate Sam Adams Park (see rescinded Police Rules 75 and 403 and map attached as Exhibit C to Plaintiffs' Complaint), based on City enforcement practices under which Boston Police and Boston Municipal Police engage in enforcement in Sam Adams Park, and based on the documents filed by the City in this Civil Action, that the City has jurisdiction over, and engages in enforcement in, Sam Adams Park.  As the City has filed papers in this Civil Action, I have read those papers.  In the Defendant City of Boston's Opposition to Plaintiffs' Motion For Preliminary Injunction, filed in this Civil Action on October 15, 2004, Paper #15, ("City's Opposition to PI") the City states "[t]he City of Boston Municipal Police, which have jurisdiction over City owned properties such as City Hall Plaza and Dock Square, also follow Boston Police Rule 403." City's Opposition to PI at 7-8, *citing,* Exhibit E (sic) to City's Opposition to PI, Affidavit of Daniel P. Linskey, ("Linskey Affidavit")(Note that the Linskey Affidavit is actually Exhibit F to City's Opposition to PI).  Sam Adams Park is another name for Dock Square, over which the City states it has jurisdiction.

13.    Although the City has repeatedly removed street performers and artists from the Sam Adams Park and Faneuil Hall areas, the City allows, and for years has allowed, certain performances to occur in these areas, including in large part performances that, it is my understanding, have been paid for by or sanctioned by the businesses surrounding those public spaces.

Signed under the pains and penalties of perjury, this the 31st day of March, 2005.

Stephen H. Baird

3

**EXHIBIT A**

**to**

**SUPPLEMENTAL DECLARATION OF STEPHEN H. BAIRD**

# Street Arts & Buskers Advocates

*Celebrating self-expression as a basic human right essential for the healthy growth of youth, individuals and communities*

**Community Arts Advocates, Inc., P.O. Box 112, Jamaica Plain, MA 02130 USA ● Telephone: 617-522-3407**
**Web site: http://www.communityartsadvocates.org ● Email: info@communityartsadvocates.org**

# STREET ARTISTS PETITION

We, the undersigned, support the tradition of diverse artistic expression in public parks and sidewalks.
We petition Boston Mayor Thomas M. Menino and Boston City Council:

- to acknowledge the First Amendment Rights, historical and cultural assets of street artists
- to stop the arbitrary and discretionary arrest, harassment and suppression of street artists
- to rescind archaic, gender bias, massive geographic restrictions and discretionary regulations
- to acknowledge the First Amendment Rights of all street artists to solicit and receive donations
- to stop the exclusive and discretionary control of Sam Adams Park, Downtown Crossing,
   Copley Square, Newbury Street and public spaces by private corporations and associations

| Signature | Name (print) | Address | Email (optional) |
|-----------|--------------|---------|------------------|
| Abigail Carroll | Abigail L. Carroll | 1077 Beacon St. #6 Brookline, MA 02445 | Carroll@bu.edu |
| Chris Lelly | Aviv Sellin | | (530) 220-0556 |
| Elodie Perroud | ELODIE PERROUD | 807 Douglass Ave Davis CA 95616 | |
| Chris Clark | Chris Clark | 1254 Antelope Ave | |
| Oliver Johnson | Oliver Johnson | 70 Carmel rd Andover, MA 01810 | |
| Ryan Bofton | Ryan Bofton | 15 Goodnow lane Framingham MA 01701 | |

| Signature | Name (print) | Address | Email (optional) |
|-----------|--------------|---------|------------------|
|           |              |         |                  |

**EXHIBIT B**

**to**

**SUPPLEMENTAL DECLARATION OF STEPHEN H. BAIRD**

# Community Arts Advocates

*Cultivating ongoing fundamental relationships between artists and communities*

**P.O. Box 112, Jamaica Plain, MA  02130 ● Telephone: 617-522-3407**
**Web site: http://www.communityartsadvocates.org ● Email: info@communityartsadvocates.org**

Case Name: Community Arts Advocates, Inc. v. City of Boston et al
Case Number: 1:04-cv-11618
Date: December 23, 2004
https://ecf.mad.uscourts.gov/cgi-bin/DktRpt.pl?93436

Docket Text:
Judge Nancy Gertner : ELECTRONIC ORDER entered denying [13]
Motion for Preliminary Injunction at this time. Preliminary Injunction is
denied at this time because of representations made by counsel for the
defendant to wit that the following ordinances and/or rules will be
repealed and that pending repeal, they will not be enforced by the
defendant: 1) Rule 16-12.24 (Boston Municipal Ordinance), Boston
Police Rule 75, Boston Police Rule 403, 2) that section 1(b) of the Rules
of the Boston Parks and Recreation Commission prohibiting begging or
canvassing for alms is unconstitutional and will not be enforced, and that
section 6 of the Rules of the Boston Parks and Recreation Commission
does not apply to the activities of the plaintiffs herein.  (Gertner, Nancy)