**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO. 04-11618 NG

```
COMMUNITY ARTS ADVOCATES
INC., ET AL.,
     Plaintiffs,

v.

CITY OF BOSTON,
     Defendant.
```

**DEFENDANT CITY OF BOSTON'S REPLY**
**IN SUPPORT OF ITS MOTION TO DISMISS**

I.   **INTRODUCTION**

The plaintiffs' complaint alleges that Stephen F. Baird's constitutional rights were violated by the City of Boston ("the City") on July 18, 2004 and June 19, 2004 when a Boston Parks Department Ranger told him that he was not allowed to perform music in the Boston Common.  The plaintiffs' one-count complaint claims that Boston Municipal Ordinance § 16-12.24 and Boston Police Rule 75 unconstitutionally violate artists' first amendment rights and seeks declaratory relief.  On September 30, 2004, the plaintiffs filed a motion for a preliminary injunction, asking this Court to enjoin the City from enforcing or attempting to enforce Boston Police Rule 75 and Boston Municipal Ordinance § 16-12.24.  On December 23, 2004, the Court

1

denied the plaintiffs' motion, as the City represented to the Court that that the challenged ordinances and/or rules are no longer being enforced, and that the City had decided to repeal them.  The Court entered on its docket "pending repeal, they will not be enforced by the defendant: 1) Rule 16-12.24 (Boston Municipal Ordinance), Boston Police Rule 75, Boston Police Rule 403, 2) that section 1(b) of the Rules of the Boston Parks and Recreation Commission prohibiting begging or canvassing for alms is unconstitutional and will not be enforced, and that section 6 of the Rules of the Boston Parks and Recreation Commission does not apply to the activities of the plaintiffs herein."  The Court also stated that the plaintiffs should make the Court aware of any enforcement by Boston Police Officers or Boston Park Rangers if said enforcement should occur before the next scheduled hearing.

During the January 26, 2005 status conference, the plaintiffs reported no enforcement of the challenged Ordinance and/or Rules.  The City represented that both Police Rule 75 and 403 have been rescinded and are no longer enforced, and legislation to repeal Ordinance 16-12.24 had been submitted to the City Council by Mayor Thomas M. Menino.  As the executive branch of municipal government has no control over the pace with which the City Council passes new legislation, the City represented that it anticipated that the legislation would be

2

passed in four to six weeks. Given the statements made by the parties, and in order to address the plaintiffs' concerns that the regulations would be enforced, the Court left the case open for one month and ordered the City to file its Motion to Dismiss on or before March 3, 2005 should there be no further allegations of enforcement of the challenged Ordinance and/or Rules. On March 4, 2005, the City filed its Motion to Dismiss as ordered by the Court.

The plaintiffs now oppose the City's motion, making several erroneous statements in support of their attempt to reargue their motion for preliminary injunction and secure attorney's fees. Further, plaintiffs have supplemented their opposition and allege an incident of enforcement.

The City opposes requests made in the plaintiffs' opposition for the following reasons: (1) The City filed its Motion to Dismiss as ordered by the Court, as there has been no enforcement of the challenged ordinance or rules; (2) Ordinance § 16-12.24 has been repealed, and, therefore plaintiffs' complaint is moot; (3) The plaintiffs' claim that a declaration of rights is necessary to ensure that police and park personnel will not infringe on the plaintiffs' constitutional rights is without merit; (4) The plaintiffs' claim that a declaration of rights is necessary to prevent plaintiffs and others from being

3

"chilled" in their exercise of their Constitutional rights is without merit; (5) The plaintiffs' claim that allowing the City's motion without a declaration of the plaintiffs' rights will allow the harm they claim to have occurred to recur and escape review is without merit; and (6) The City has made no admissions as to the constitutionality of the challenged ordinance and rules, and, therefore, the plaintiffs are not entitled to costs or attorney's fees.

## II. ARGUMENT

### A. The plaintiffs' request for relief regarding Ordinance § 16-12.24 and Boston Police Department Rules 75 and 403 is moot as the Ordinance has been repealed and the rules have been rescinded.

The plaintiffs' complaint seeks declaratory relief regarding Ordinance § 16-12.24, which required itinerant musicians to be licensed by the Police Commissioner, and Police Rule 75, which regulates the licensing of itinerant musicians, under the authority of Ordinance § 16-12.24.[1]  As represented during the December 23, 2004 hearing, on January 3, 2005, Boston Police Commissioner Kathleen M. O'Toole issued a Police Commissioner's Special Order No. SO 05-04, rescinding Police

---

[1] Although the plaintiffs made many unsubstantiated averments in their complaint, the only count against the Defendants referred to Boston Police Rule 75 and Boston Municipal Ordinance § 16-12.24.

4

Rule 403.[2]  See Exhibit A.  Furthermore, pending repeal of Ordinance § 16-12.24, no artists have been forced to cease performing by the Boston Police Department and Boston Park Rangers.[3]  Moreover, the City Council passed legislation repealing Ordinance § 16-12.24 on March 30, 2005, which the Mayor signed on April 4, 2005.  See Exhibit B.  Therefore, there is no longer any regulation of itinerant musicians or artists in the City of Boston.  Thus, as the Court stated during the January 26, 2005 status conference, the plaintiffs' request for declaratory and injunctive relief is moot, as the plaintiffs are free from any regulation based on their status as itinerant musicians or artists.

Additionally, there is no probability or reasonable expectation that this issue will recur, as the City has no interest in continuing to enforce a one hundred fifty-year-old ordinance that is unnecessary to protect and maintain public

---

[2] Police Rule 403 replaced Police Rule 75, which Boston Police Commissioner Kathleen M. O'Toole rescinded via a Police Commissioner's Special Order issued on September 30, 2004.

[3] Although, Plaintiff Baird claims that a "City worker" "asked for a Sergeant to come down" via cell phone after being told that Mr. Baird is allowed to perform at Dock Square under new City regulations, the City Security Officer only sought to verify what Mr. Baird had stated to him with his supervisor, Assistant Director of Security Richard Lahan, who confirmed the representation made by Mr. Baird.  At which time he left Mr. Baird alone.  At no time did he call anyone to respond to the seen of the interaction.  See Affidavit of Kenneth V. Vass, Jr., attached hereto as Exhibit C.  Furthermore, the Municipal Officer that approached Mr. Baird only inquired whether Mr. Baird was allowed to perform in the area that is also under federal jurisdiction.  Contrary to Baird's claim, the Municipal Officer at no time suggested that he would or could arrest Mr. Baird.  See Affidavit of Officer Ulric T. Alfred, Jr., attached hereto as Exhibit D.

5

safety. Given the repeal of Ordinance § 16-12.24 and rescission of Police Rules 75 and 403,[4] the plaintiffs' Complaint should be dismissed.

> **B. The plaintiffs' claim that a declaration of rights is necessary to ensure that police and park personnel will not infringe on the plaintiffs' constitutional rights is without merit.**

Police and Park personnel were authorized to act under Boston Municipal Ordinance § 16-12.24 and Boston Police Rule 75/403. The Boston Police Rules were rescinded as late as January 3, 2005 and have not been enforced since.[5] Ordinance § 16-12.24 has also been repealed. As the City represented to the Court, the Police and Parks Departments were put on notice that the City will no longer regulate itinerant musicians and artists.[6] Both departments follow a chain of command, with mandates flowing down to lower ranking officers, which they are required to follow. Therefore, plaintiffs' claim that a declaration of rights is necessary to ensure that their rights will not be infringed upon by police and park personnel, due to an unfounded concern of "uncertain reach to … [the] rank and file," is completely without merit, and thus the City's motion should be allowed.

---

[4] Police Rules 75 and 403 were promulgated under Ordinance § 16-12.24, and therefore, had no independent authority to regulate itinerant musicians.

[5] See Affidavit of Captain O'Rourke, attached hereto as Exhibit E.

[6] See Affidavit of Captain Bernard P. O'Rourke, attached hereto as <u>Exhibit E</u>; Affidavit of Daniel P. Linskey, attached hereto as <u>Exhibit F</u>.

**C.  The plaintiffs' claim that a declaration of rights is necessary to prevent plaintiffs and others from being "chilled" in their exercise of their Constitutional rights is without merit.**

The plaintiffs have been aware that the City has rescinded Police Rules 75 and 403 since as late as January 3, 2005. The plaintiffs were also aware that Ordinance § 16-12.24 was in the process of being repealed since December 23, 2004, which was accomplished on March 30, 2005. No declaration of rights is necessary where the plaintiffs are free to inform their members that the City of Boston no longer regulates their activities under the repealed ordinance.[7]

Furthermore, as was discussed during the December 23, 2004 hearing and the January 26, 2005 status conference, Park Commission Rule § 1(b) had already been adjudicated and found unconstitutional, and therefore, was not being enforced, and Park Commission Rule § 6 was never applied to, nor enforced upon, the plaintiffs. The Court accepted the City's representations when it denied the plaintiffs' request for injunctive relief. To rely on these rules now as reasons to keep the instant case open is a clear attempt to reargue their previously denied motion for preliminary injunction. Since the

---

[7] In fact, Plaintiffs have already taken it upon themselves to inform their members that the City has repealed the challenged Ordinance and Rules and will no longer enforce them.

7

Court has already considered the merits of the plaintiffs' arguments regarding the Parks Commission's Rules when it denied the plaintiffs' motion, the plaintiffs should not be allowed to resurrect the same arguments to keep this case alive.

Moreover, plaintiffs' claim that other ordinances referred to in their opposition and complaint, but not directly challenged in their complaint, <u>may</u> be used to infringe on their rights is also without merit. These other ordinances were enacted to ensure that residents and pedestrians are not exposed to unreasonable noise level and that the public streets and sidewalks are not encumbered or blocked by an excessive number of people. There is no chilling effect on protected speech, as these ordinances are content-neutral. It would seem from their opposition that the plaintiffs believe that they should be entitled to more rights than other City residents who may cause, for example, an obstruction to travel, disorderly conduct, or unreasonable noise. The plaintiffs' one-count complaint does not challenge these ordinances as unconstitutional, and, therefore, the plaintiffs should not be allowed to use these ordinances to keep an otherwise moot claim from being dismissed. Therefore, the Court should allow the City's motion to dismiss.

### D. **The plaintiffs' claim that allowing the City's motion without a declaration of the plaintiffs' rights will allow the harm they claim to have occurred to recur and escape review is without merit.**

The plaintiffs' complaint challenges only Boston Municipal Ordinance § 16-12.24 and Boston Police Rule 75/403, which have been repealed and rescinded, respectively.[8] Furthermore, as stated above, there is no "probability" or "reasonable expectation" that a challenge of Ordinance § 16-12.24 and Boston Police Rule 75/403 will recur. As the Court noted during the January 26, 2005 status conference, the plaintiffs are free to bring a claim after the instant case is dismissed if their members' rights are violated or infringed upon. Therefore, it is clear that no declaration of rights is necessary, as both the federal and state constitutions, as well as the cases decided thereunder, clearly define the rights of all performance artists. Thus, the Court should allow the City's motion to dismiss, as the plaintiffs are not prohibited in any way from bringing a claim against the City should they believe it is necessary.

---

[8] Contrary to plaintiffs numerous statements to the contrary, the City has never stated or acknowledged that Boston Municipal Ordinance § 16-12.24 and Boston Police Rule 75/403 were unconstitutional.

    **E.**    <u>**The City has made no admissions as to the constitutionality of the challenged ordinance and rules, and, therefore, the plaintiffs are not entitled to costs or attorney's fees.**</u>

Contrary to plaintiffs numerous statements, the City has never stated or acknowledged that Boston Municipal Ordinance § 16-12.24 and Boston Police Rule 75/403 were unconstitutional. The City has consistently argued in its motions and oppositions that these regulations were constitutional. The fact that the City decided to cease regulation of itinerant musicians, as it became clear that such regulation was antiquated and unnecessary to protect public health and safety, should not be construed as an admission of liability or an acknowledgment of harm to the plaintiffs.

As there has been no judgment on the merits of the plaintiffs' claims, they cannot be entitled to attorney's fees. Although the plaintiffs rely on <u>Homer Distributing Company v. City of New Bedford</u>, 2002 U.S. Dist. Lexis 13082 (D.Mass. 2002) for their argument that they should be awarded attorney's fees, the instant case is clearly distinguishable, as, unlike this case, Homer Distributing Company actually prevailed on its §1983 claim. Although the plaintiffs claim that <u>Homer</u> is "virtually identical" to the instant case, <u>Homer</u> did not consider whether a plaintiff could claim attorney's fees where there has not been a judgment on the merits of the plaintiff's claim. The case only

considered how much the prevailing party was entitled to receive.  Similarly, the plaintiff in Connolly v. Harrelson, 33 F.Supp. 2d 92 (D.Mass.1999) prevailed after a jury trial, which is certainly not the circumstance here.

Congress authorized awards "to a party who has established his entitlement to some relief on the merits of his claim." Hanrahan v. Hampton, 446 U.S. 754, 757 (1980)(emphasis added). "A party, in other words, prevails in a lawsuit when he establishes a legal entitlement to what he seeks, not when what he seeks is actually delivered." Coalition for Basic Human Needs v. King, 691 F.2d 597, 600 (1st Cir. 1982).  This case has not progressed beyond a request for preliminary injunction, which was denied by the Court.  The City of Boston simply chose to repeal the one hundred and fifty-year-old ordinance because it is antiquated.

As there has been no judgment on the merits of the plaintiffs' claims, no admission of liability or harm by the City, and the plaintiffs' complaint did not request damages, the Court should deny the plaintiffs' request for attorneys' fees.

### III.  CONCLUSION

For the foregoing reasons, the defendant, City of Boston requests that the Defendant's Motion to Dismiss be ALLOWED and that plaintiffs' request for a Declaration of Rights and attorney's fees be DENIED.

11

```
                              Respectfully submitted,
                              DEFENDANT, CITY OF BOSTON
                              Merita A. Hopkins
                              Corporation Counsel
                              By its attorneys:


                              /s/ Ronald G. Nelson_____
                              Ronald G. Nelson, BBO# 652035
                              Thomas R. Donohue, BBO# 643483
                              Assistant Corporation Counsel
                              City of Boston Law Department
                              Room 615, City Hall
                              Boston, MA 02201
                              (617) 635-4097 – Nelson
                              (617) 635-4039 – Donohue
```