UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11618 NG

COMMUNITY ARTS ADVOCATES
INC., ET AL.,
    Plaintiffs,

v.

CITY OF BOSTON,
    Defendant.

DEFENDANT CITY OF BOSTON'S MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT

I.    INTRODUCTION

    The Plaintiffs' four-count amended complaint alleges that there is "continuing pattern and practice of enforcement of interference with their protected rights by the City of Boston ("the City"). Specifically, the Plaintiffs claim that their constitutional rights have been generally violated due to City's enforcement of the noise ordinance (Count I); "unlawful delegation of the City's police power" (Count II); "violation with constitutional rights with respect to Park Rules 1(b) and 6 (Count III); and violation of constitutional rights with respect to "other rules and ordinances and practices" (Count IV). Although the Court offered the Plaintiffs an opportunity to file an amended complaint against particular police officers,

1

assuming that they can show that such officers violated the Plaintiffs' constitutional rights,[1] the Plaintiffs have instead made the same allegations and requested the same relief as in their previous filings. The Court has ruled as recently as September 15, 2005 that the allegations of continued enforcement should be brought against individual actors who infringe upon the First Amendment rights of street musicians. Not only do the counts in the Plaintiffs' amended complaint fail to bring such allegations with any specificity, but said counts also seek to relitigate City Ordinances and Park Rules that they have previously complained of in their original complaint, motion for preliminary injunction, and opposition to the City's previous motion to dismiss, including a renewed request for attorney's fees. The Court has already ruled on the Plaintiffs' repeated allegations, and, since the Plaintiffs failed to adhere to the Court's direction, the City requests that the Court dismiss the Plaintiffs' amended complaint.

---

[1] The Court found several times that the anecdotal evidence repeatedly offered by the Plaintiffs failed to rise to a cognizable claim of a constitutional violation on the part of the City see Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691-693 (1978); that there is no longer a case or controversy before the Court, as the City repealed the challenged ordinance and rescinded the police rules - 16-12.24 Bells and Noise-Making Instruments and BPD Rule 75/403: Itinerant Musicians; and further that the Plaintiffs' request for declaratory relief could not be granted.

2

II. <u>ARGUMENT</u>

A. <u>Standard</u>

The applicable standard for granting a motion to dismiss is whether the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>McLain v. Real Estate Board of New Orleans, Inc.</u>, 444 U.S. 232, 246 (1980); <u>Figueroa v. Rivera</u>, 147 F.3d 77, 80 (1st Cir. 1998); <u>Williams v. Astra USA, Inc.</u>, 68 F. Supp. 2d 29 (D. Mass. 1999). In considering a motion to dismiss, the Court is obliged to accept the plaintiff's well-pleaded facts as they appear, granting every reasonable inference in the plaintiff's favor. <u>Cooperman v. Individual, Inc.</u>, 171 F.3d 43, 46 (1st Cir. 1999). This indulgence, however, does not require the Court to credit "bald assertions, unsubstantiated conclusions or outright vituperation." <u>Correa-Martinez v. Arrillaya-Belendez</u>, 903 F.2d 49, 52 (1st Cir. 1990).

B. <u>The plaintiffs' claim that a declaratory relief is necessary to prevent the City from banning the use of electronic amplifiers by plaintiffs and others in their exercise of their Constitutional rights is without merit.</u>

Plaintiffs' claim that Ordinance 16-26 (Unreasonable Noise) has been used to "provide an ipso facto ban on electronic amplifiers" is completely without merit. The Plaintiffs' claim is based on allegations, made previously via affidavit during

3

the September 15, 2005 hearing, of "continuing pattern and practice of enforcement" of Boston Municipal Ordinance § 16-12.24 and Boston Police Rule 75/403,[2] which the Court has already rejected as anecdotal incidents that fail to evidence a prima facie case for any such pattern or practice.[3] The Court allowed the Plaintiffs to amend their complaint in order to bring claims of violation by specific actors, not to attempt for a third time to litigate claims that have already been ruled insufficient by this Court in order to hold on to the City as a defendant in this matter. As the Plaintiffs fail to allege that a particular officer or officers violated the Plaintiffs constitutional rights, and instead make the same allegations that have already been presented to the Court as late as September 15, 2005, the Plaintiffs' amended complaint should be dismissed.

C. **The Plaintiffs' claim that the City has delegated its police power is completely without merit.**

The Plaintiffs' allegation that the City has delegated its police power to private institutions and organizations is without merit. Neither the Downtown Crossing Merchants' Association nor the Boys and Girls Club of Boston are part of

---

[2] Boston Municipal Ordinance § 16-12.24 and Boston Police Rule 75/403 have been repealed and rescinded, respectively.

[3] Furthermore, the Plaintiffs' allegations of a continuing pattern and practice of interfering with the use of amplification equipment, or any other artistic expression is belied by the numerous accounts of artists using such equipment and performing in Dock Square during the summer months of 2005, City Hall's backyard. See Boston Globe article attached hereto as Exhibit A.

the organizational structure of the City, nor, does the City Charter allow for the delegation of police powers to private entities. Nor did any supervising police officer, including Captain Bernard P. O'Rourke, order any police officer to "shut down all musicians that did not have permits" in that area for lack of a permit. See Exhibit B. The Boston Police Departments role with regard to vender permits in the Downtown Crossing commercial area is to perform background checks on applicants. The Police Department does not issue such vending permits. Rather, the Public Works Department issues such vender permits pursuant to Chapter 584 of the Acts of 1907. Similar to Park Commission Rule § 6, Chapter 584 applies to persons selling manufactured merchandise, not to artists selling their art. As the City, has no policy, express or by custom, to enforce Chapter 584 against artists, the Plaintiffs' amended complaint should be dismissed as a matter of law.

   D.  **The Plaintiffs' claim regarding Park Rules 1(b) and 6 have been litigated and decided by this Court, and, in any case, are without merit.**

As was discussed during the December 23, 2004 hearing and the January 26, 2005 status conference, Park Commission Rule § 1(b) has already been adjudicated and found unconstitutional, and therefore, is not being enforced, and Park Commission Rule § 6 was never applied to, nor enforced upon, the Plaintiffs. The

5

Court accepted the City's representations when it denied the Plaintiffs' request for injunctive relief. To rely on these rules for a third time as reasons to keep the instant case open is a clear attempt to reargue their previously denied motion for preliminary injunction. Since the Court has already considered the merits of the Plaintiffs' arguments regarding the Parks Commission's Rules when it denied the Plaintiffs' motion, they should not be allowed to resurrect the same arguments to keep this case alive, and, therefore, their amended complaint should be dismissed as a matter of law.

> E. **The Plaintiffs' claim that a declaratory relief is necessary to prevent the City from interfering with the Plaintiffs and others in their exercise of their Constitutional rights is without merit.**

The allegations made with regard to the "other rules and ordinances and practices" referred to in the Plaintiffs' amended complaint are the same complained of in their original complaint, motion for preliminary injunction and opposition to the City's previous motion to dismiss, but not directly challenged, in which they claim that said ordinances "could be used" to infringe on their rights. Such allegations are now, as they were then, without merit. As the City stated in its Reply to Plaintiffs' Opposition to the City's Motion to Dismiss, filed April 7, 2005, these other ordinances were enacted to ensure that residents and pedestrians are not exposed to unreasonable

noise level and that the public streets and sidewalks are not encumbered or blocked by an excessive number of people.

It is clear that the Plaintiffs can offer no evidence that said ordinances have been used to interfere with their constitutional rights, and that they simply surveyed the Boston City Code in search of any ordinance that could conceivable be relied upon to violate their right to free expression. It would seem from their opposition to the City's previous motion to dismiss as well as their amended complaint that the Plaintiffs believe that they should be entitled to more rights than other City residents who may cause, for example, an obstruction to travel, disorderly conduct, or unreasonable noise. Other than the noise ordinance allegation detailed above, the Plaintiffs simply make the bald, hypothetical assertion that these ordinances could be used "selectively to bar artists from exercising their constitutionally protected rights" without specifying any particular incident in which a particular officer violated such rights, allegedly under the guise of any of the complained of ordinances. The Court may not consider hypothetical questions or unsubstantiated speculation of future harm. See Cruz v. Farquharson, 252 F.3d 530, 533 (1st Cir. 2001). The Plaintiffs should not be allowed to use these ordinances to keep an otherwise moot claim from being dismissed. Therefore, the Court should allow the City's motion to dismiss.

7

III.  **CONCLUSION**

For the foregoing reasons, the defendant, City of Boston requests that the Defendant's Motion to Dismiss be ALLOWED and that Plaintiffs' Amended Complaint be DISMISSED.

```
                              Respectfully submitted,
                              DEFENDANT, CITY OF BOSTON
                              Merita A. Hopkins
                              Corporation Counsel
                              By its attorneys:


                              /s/ Ronald G. Nelson
                              Ronald G. Nelson, BBO# 652035
                              Thomas R. Donohue, BBO# 643483
                              Assistant Corporation Counsel
                              City of Boston Law Department
                              Room 615, City Hall
                              Boston, MA 02201
                              (617) 635-4097 - Nelson
                              (617) 635-4039 - Donohue
```