UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMUNITY ARTS ADVOCATES, INC., and STEPHEN H. BAIRD,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF BOSTON, BOSTON POLICE DEPARTMENT, KATHLEEN M. O'TOOLE, individually and, in her capacity as Police Commissioner, BOSTON PARKS AND RECREATION DEPARTMENT, ANTONIA POLLACK, individually and, in her capacity as Parks and Recreation Department Commissioner, DOWNTOWN CROSSING MERCHANTS' ASSOCIATION, ANNE MEYERS, individually and, in her capacity as President of the Downtown Crossing Merchants' Association, BERNARD O'ROURKE, individually and in his capacity as Commander of the Boston Police District A-1, REGGIE SAMPSON, individually and in his capacity as Boston Park Ranger, John Doe 1 a/k/a Park Ranger call number 217, and John Doe 2 a/k/a Boston Police Office Wayne,<br><br>    Defendants. | Civil Action No. 04 11618 NG |

**STIPULATION AND ORDER OF DISMISSAL WITHOUT PREJUDICE
OF ALL CLAIMS AGAINST DEFENDANTS DOWNTOWN
CROSSING MERCHANTS' ASSOCATION AND ANNE MEYERS**

Pursuant to Fed. R. Civ. P. 41(a)(1), plaintiffs Community Arts Advocates, Inc. ("CAA") and Stephen Baird ("Baird"), and defendants Downtown Crossing Association, Inc. ("DCA", erroneously named in the Amended Complaint as "Downtown Crossing Merchants' Association") and Anne Meyers ("Meyers"), hereby stipulate to the dismissal of all claims asserted in this action by CAA and Baird against DCA and Meyers, without prejudice, and with

374346v2

each party to bear his, her or its attorneys' fees and costs, based on the following understanding and agreement:

1.  CAA is a non-profit Massachusetts corporation dedicated to expanding public awareness, participation in and support of the arts through performances and festivals, exhibits and workshops, publicity, educational forums, non-profit arts management consultation services, and collaborative projects.

2.  Baird is a Massachusetts resident, an experienced street performer, and the Executive Director of CAA.

3.  DCA is a non-profit Massachusetts corporation, operated for the purpose of initiating and promoting programs for the civic and commercial betterment, or any other improvement, of the area of Boston known as Downtown Crossing and generally bounded by Tremont, Boylston Street, Chauncy, Arch, Franklin, School and Milk Streets in particular (the "Downtown Crossing Area"), and the City of Boston in general.

4.  Meyers is a Massachusetts resident and the President of DCA.

5.  CAA, Baird, DCA and Meyers share an interest in assuring a vital street scene, including easy but responsibly maintained access to street performers, in the Downtown Crossing Area and elsewhere within the City of Boston.

6.  CAA, Baird, DCA and Meyers agree that the First Amendment rights of street performers and their audiences include expression through music, dance, juggling, mime, sleight of hand and other performances of visual arts, and the public production, display and witnessing of such expressive forms, among others. CAA, Baird, DCA and Meyers further agree that reasonable time, place and manner restrictions of the expressive rights of street performers and their audiences are necessary and appropriate, in light of competing public and private rights and interests. CAA, Baird, DCA and Meyers all have an interest in working cooperatively with the

City of Boston to develop reasonable time, place and manner restrictions of the expressive rights of street performers and their audiences in the Downtown Crossing Area and elsewhere in the City of Boston. Street performers' sale of CDs or other items of performing or visual art does not remove them from the ambit of First Amendment protection, although their protected activities may be subject to reasonable restrictions, as noted above.

7.  As a private, non-profit corporation, DCA is not a part of the organizational structure of City of Boston. The City of Boston has never delegated any of its police powers to DCA or Meyers. DCA and Meyers do not have, have never possessed, and have never purported to possess the power or ability to grant or deny municipal licenses or permits for public street performances in the Downtown Crossing Area or elsewhere in the City of Boston. DCA and Meyers disavow as incorrect any statement by any person to the contrary.

8.  DCA operates a "pushcart program" in the Downtown Crossing Area, and has done so for many years. Pursuant to that program, DCA coordinates the rental of specified open-air marketplace locations in the Downtown Crossing Area to pushcart vendors, who use them for commercial purposes, to sell various products from pushcarts. DCA expects and requires vendors who seek to participate in DCA's pushcart program to comply with all municipal permitting requirements that apply to their vending operations. DCA further expects and requires all participants in the pushcart program to comply with any other applicable municipal ordinances, rules and regulations. The City of Boston, and not DCA, is and always has been responsible for the issuance of applicable municipal vending permits to the vendors who participate in DCA's pushcart program, and for the enforcement of any and all municipal ordinances, rules and regulations that apply to pushcart vendors in the Downtown Crossing Area. CAA and Baird do not object to DCA's pushcart program, as described herein.

9. DCA and its members, from time to time, arrange, schedule and present their own public events in the Downtown Crossing Area, and have done so for many years, in cooperation with municipal authorities. Such events may, and sometimes do, result in the temporary restriction of certain public performances of some street performers in all or some portions of the Downtown Crossing Area. CAA and Baird do not object to such temporary restrictions on the expressive rights of street performers and their audiences in the Downtown Crossing Area, as a result of the public events of DCA and its members, provided that those temporary restrictions are imposed in a lawful, content-neutral and non-discriminatory way.

10. CAA, Baird, DCA and Meyers recognize and acknowledge that the City of Boston currently has a noise ordinance, Boston Municipal Ordinance § 16-26.1, which restricts unreasonable or excessive noise in the City of Boston. CAA, Baird, DCA and Meyers further recognize and acknowledge that the generation of unreasonable or excessively loud sounds by some persons may effectively drown out public expressions by other persons, and that reasonable noise controls facilitate the proper exercise of First Amendment rights, as well as serving the important general interest in avoiding public and private nuisance conditions. CAA, Baird, DCA and Meyers all support and encourage efforts by municipal authorities to enforce Boston Municipal Ordinance § 16-26.1 in a fair, consistent and non-discriminatory way in the Downtown Crossing Area and elsewhere in the City of Boston.

11. This stipulation shall be posted and maintained for a period of at least two years on the websites of CAA and DCA, in order to provide a publicly available and accurate statement of the shared understanding and agreement of CAA, Baird, DCA and Meyers with respect to the matters addressed herein.

12. CAA, Baird, DCA and Meyers shall use their best efforts to resolve amicably and on a cooperative basis any future disputes that may arise between or among them with respect to

any expressive activities of street performers in the Downtown Crossing Area, and to confer and attempt in good faith to resolve or narrow any such disputes prior to the commencement of any litigation between or among them concerning such matters. The foregoing statement is not intended, and shall not be construed, to limit in any way the rights of DCA and its members and Meyers to notify and/or seek the assistance of municipal or other governmental authorities in addressing complaints about the conduct of any street performer in the Downtown Crossing Area or elsewhere in the City of Boston.

13. By his signature below, Baird avers, under the pains and penalties of perjury, that the foregoing statements with respect to CAA and himself are true and correct based on his personal knowledge, and that the foregoing statements with respect to DCA and Meyers are true and correct to the best of his information and belief.

14. By her signature below, Meyers avers, under the pains and penalties of perjury, that the foregoing statements with respect to DCA and herself are true and correct based on her personal knowledge, and that the foregoing statements with respect to CAA and Baird are true and correct to the best of her information and belief.

        COMMUNITY ARTS ADVOCATES, INC. and
        STEPHEN H. BAIRD,

        By: _____
        Stephen H. Baird, as President of Community Arts
        Advocates, Inc. and individually

-and-

By their attorneys,

*/s/ Jerry Cohen*
_____
Jerry Cohen, BBO No. 089400
Barbara Green Whitbeck, BBO No. 634343
Stephen Y. Chow, BBO No. 82990
Michael P. Twohig, BBO No. 648079
BURNS & LEVINSON, LLP
One Beacon Street, 30th Fl.
Boston, MA 02108
(617) 854-4000

-and-

DOWNTOWN CROSSING ASSOCIATION, INC. and
ANNE R. MEYERS,

By: */s/ Anne R. Meyers*
_____
    Anne R. Meyers, as President of Downtown Crossing
    Association, Inc. and individually

-and-

By their attorneys,

*/s/ Lisa C. Goodheart*
_____
Lisa C. Goodheart, BBO No. 552755
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114-4737
(617) 227-3030

Dated: April 28, 2006

SO ORDERED.

Dated: _____
       Nancy Gertner, U.S.D.J.

374346v2                          6